THE STATE OF OHIO, APPELLEE, *v.* BROECKEL ET AL., APPELLANTS.

[Cite as State v. Broeckel, 8 Ohio App. 2d 330.]

(No. 27976—Decided December 22, 1966.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.
*Mr. James R. Willis* and *Mr. Dean DeRocco,* for appellants.

CORRIGAN, P. J. The two appellants herein and three other defendants were indicted on November 6, 1964, on four counts, namely, burglary, larceny, forcing an entrance to a safe and possession of burglar tools. One of the other three pleaded guilty to the four counts and testified in the trial of these two defendants and a third member of the quintet. The fifth person named in the indictment did not appear for trial. These two appellants were convicted on all four counts and now appeal to this court on questions of law. The third defendant, also convicted in the trial, did not appeal.

The first assignment of error reads:

"1. The trial court erred in refusing to allow inquiry of prospective jurors as to whether they would be prejudiced against a defendant who did not testify in his own defense."

The record reflects the following during the *voir dire* examination of the jury panel by counsel for the appellants:

"Mr. Willis: I am sure that you further understand that it is not necessary in a criminal case, make no bones about it, it is not necessary for the defendant to prove himself not guilty. The defendant has a right to put the state to the test of proving him guilty.

"Indeed, this being a criminal case, a defendant need not testify or even offer any evidence and even if he does not testify, his Honor will instruct you that you cannot take that fact that he does not testify—

"Mr. Fleming: Objection.

"Mr. Willis:—into consideration in arriving at a determination that is central to the resolution of this case.

"* * *

"The Court: Objection sustained.

Appellants urge that they have the right based on *Malloy* v. *Hogan*, 378 U. S. 1; *Bruno* v. *United States*, 308 U. S. 287; and *Griffin* v. *California*, 380 U. S. 609, to have their counsel state to the jury panel on *voir dire* that they cannot take into consideration the fact that the defendant did not testify; that counsel has a right to interrogate the panel on this matter; and that counsel has the right to tell the panel that the court will so instruct the jury.

Briefly, in *Griffin* it was held that the Fifth Amendment to the United States Constitution, in its direct application to the

federal government and in its bearing on the states by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the silence of the accused or instructions by the court that such silence is evidence of guilt. In *Griffin*, the Supreme Court wrote in a footnote:

"We reserve decision on whether an accused can require, as in *Bruno* v. *United States*, 308 U. S. 287, that the jury be instructed that his silence must be disregarded."

The instruction requested as part of the general charge in *Bruno* read:

"The failure of any defendant to take the witness stand and testify in his own behalf, does not create any presumption against him; the jury is charged that it must not permit that fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner."

In reversing the conviction in *Bruno,* the Supreme Court said:

"* * * the substance of the denied request should have been granted * * *."

Without further detailing again the holdings of the United States Supreme Court in the three cases cited, suffice it to say that the rulings therein do not support appellants' position.

It is our view that the trial court in this case exercised proper discretion in limiting the interrogation on the jury *voir dire* in the light of the present law on the questions involved, and the first assignment of error is, therefore, overruled.

There are twenty-nine additional claims of error assigned, all treated under thirteen different headings in appellants' brief. We have carefully read the bill of exceptions and the briefs, examined exhibits and considered each other assignment of error; and each is hereby overruled, as it does not appear affirmatively from the record that either one of the appellants was prejudiced in any way in the course of the trial, nor was either appellant prevented from having a fair trial because of the errors thus claimed.

*Judgment affirmed as to each defendant.*

WASSERMAN and WHITE, JJ., concur.