THE STATE OF OHIO, APPELLEE, *v.* TALIAFERRO, APPELLANT.

(No. 81AP-462—Decided October 29, 1981.)

Mr. *Michael Miller,* prosecuting attorney, and *Ms. Karen Martin,* for plaintiff-appellee.

Mr. *James Kura,* county public defender, *Mr. Gregory L. Ayers* and *Mr. Allen Adair,* for defendant-appellant.

MOYER, J. This matter is before us on defendant-appellant's, Richard Taliaferro's, appeal from a judgment of the Court of Common Pleas of Franklin County on a jury verdict finding him guilty of aggravated burgary in violation of R.C. 2911.11 and theft in violation of R.C. 2913.02, and sentencing him to five to twenty-five years and two to five years concurrently. Prior to trial, the defense moved *in limine* to prevent the state, plaintiff-appellee, from impeaching defendant's testimony on cross-examination with a record of his prior misdemeanor convictions for attempted forgery, petty theft and attempted receiving stolen property. The defense argued that such offenses did not involve dishonesty or false statement and their admission to impeach defendant would therefore violate Evid. R. 609(A)(2). The trial court overruled defendant's motion.

The only witness who testified he saw defendant commit the burglary and theft was an officer of the Madison Township Police Department. He testified that he responded to a call that a burglary was in progress and that, upon arriving at the residence being burglarized, he observed defendant in the window over the rear door and arrested defendant.

The testimony of the owner of the residence, who arrived after defendant was arrested, corroborated the evidence that a burglary had, in fact, occurred in his home.

Defendant testified that he had borrowed a friend's car to make some errands and that, as he proceeded down the road where the burglary occurred, a man by the name of Jeff asked him for a ride. He agreed to give Jeff a ride until Jeff asked him to wait until he got some personal belongings; defendant waited for about two minutes in front of the victim's house and Jeff brought a shotgun to the car; defendant then told Jeff he could have a ride but he could not bring the shotgun because he, defendant, was on probation. When the police cruiser arrived, Jeff jumped from the car, dropped the shotgun and ran across a field. The police officer picked up the gun and put it into defendant's car. Defendant denied entering the victim's house.

Defendant raises the following assignment of error in support of his appeal:

"The trial court erred in permitting the prosecution, over defense objection, to impeach appellant's testimony with prior misdemeanor offenses which did not involve dishonesty or false statement, in violation of Evidence Rule 609(A)(2)."

Evid. R. 609(A) provides as follows:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime * * * (2) involved dishonesty or false statement, regardless of the punishment whether based upon state or federal statute or ordinance."

Defendant contends that his prior convictions for attempted forgery, petty theft and attempted receiving stolen property should not have been admitted to impeach his credibility because they are not crimes involving dishonesty. We do not agree. The federal court cases interpret "dishonesty" to include only crimes in the nature of *crimen falsi* under the common law. The prior crime must entail some element of falsehood or deception to come within the rule.

We believe the Rule of Evidence means what it says and that if the Supreme Court had intended that the word "dishonesty" means *crimen falsi* it would have said so. We hold that the offenses of attempted forgery, petty theft

and attempted receiving stolen property are offenses involving dishonesty and that the trial court therefore did not err in permitting the introduction into evidence of defendant's prior convictions for those offenses for the purpose of impeaching his credibility. The assignment of error is not well taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and McCORMAC, JJ., concur.