THE STATE OF OHIO, APPELLEE, *v.* ELLIS, APPELLANT.

(No. 82AP-258—Decided September 7, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Joyce Anderson,* for appellee.

*Mr. Charles E. Kelsey, Jr.,* for appellant.

STRAUSBAUGH, J. This is an appeal by defendant from a conviction in the Court of Common Pleas of Franklin County for the offense of felonious assault, R.C. 2903.11. The record indicates that the victim, Martin Wohlstein, owner and operator of A & M Auto Parts, Accurate Engine Repair, Jenkins Avenue, had sold part of an engine known as a short-block to defendant's stepson, Antone Cudgel, in June 1981. Cudgel reported in September that he was having trouble with the block. The victim told him to bring it back, which he did. It was Cudgel's contention that the block was defective and that Wohlstein should repair, replace, or refund his money in accordance with the warranty. Wohlstein contended that his block rebuilder, upon inspection, found that the engine had been run without oil and, therefore, Wohlstein was not obligated to honor the warranty. Cudgel testified that when he received no satisfaction from the victim or his son, he called his stepfather who advised calling the police for assistance. Thereafter, Cudgel and the defendant met at the victim's place of business. After conferring with the police officers, the victim gave the engine block in question back to Cudgel. Shortly after the police left an argument ensued between Cudgel and Jeff Wohlstein, the victim's son.

The victim testified that he called his son into the business office, who was followed by defendant. As the defendant entered the office, the victim noticed an object in the defendant's belt, which he stated that he thought was a gun. He stated that the defendant had a gun and that he was going to call the police, at which time the defendant struck him in-

flicting serious damage to the right side of his face. The victim indicated that the gun was in defendant's hand, causing the serious injuries. The victim testified that shortly thereafter he thought he heard two shots fired in the course of the struggle between his son and Cudgel. While the victim called the police and reported a shooting, defendant and Cudgel ran and departed in their automobile, at which time the victim's son ran outside to obtain the license number of the car.

Officer James Newell testified that he was at the victim's place of business on both occasions and that, on the second occasion, he found a .45 caliber automatic shell casing on the floor of the office. The victim's son testified substantially the same as his father. Dr. Michael Lehv testified that he treated the victim and that the victim suffered a circular wound under his right eye, the size of a nickel, and that his cheekbone was broken in three places, which injury could have only been caused by a hollow, round metal object such as a gun.

The victim and Cudgel testified essentially the same. He stated shortly after the police left the first time and the short-block had been returned to Cudgel, they started to leave the premises; that Cudgel and the victim's son became involved in a wrestling match resulting in both of them going through the door of the business; that defendant, as he went through the door of the business to help his stepson, Cudgel, was struck by the victim, knocking off his glasses; that he acted in self-defense by striking back with his fist; and that he had no gun and that his intent was to break up the fight between Cudgel and the victim's son.

The defense sets forth two assignments of error:

"(1)  The trial court erred in allowing evidence of defendant's prior convictions where said convictions were either more than ten (10) years old or involved a maximum sentence punishable by imprisonment for less that one (1) year. Evidence of said convictions was allowed without adequate justification and in violation of Evidence Rule 609(A) and (B).

"(2)  The trial court erred in denying defendant's request to charge the lesser included offense of assault."

With respect to the first assignment of error, the record indicates that, at the beginning of the trial, defense counsel moved to restrict the prosecution from questioning defendant about a prior felony conviction which was more than ten years old, and a prior misdemeanor assault conviction punishable by imprisonment for a period of less than one year. The prosecution responded by requesting that the court determine that the probative value of the convictions substantially outweighed any prejudicial effect. The court ruled that because the offenses were almost identical, interrogation regarding these offenses would be permitted. Since the court had failed to state any reasons for permitting the introduction of evidence concerning offenses other than a misdemeanor assault charge, defense counsel asked whether the offenses referred to by the court were merely the last offense discussed, to which the court responded: "All offenses."

At the close of the prosecution's case, defense counsel renewed his effort to have the court clarify its ruling, pointing out that Evid. R. 609(B) sets forth a limited exception to the ten-year rule, but requires the prosecution to give written notice of intent to make use of such convictions, which had not been done, after which the prosecution indicated that the defendant had two prior convictions for assault in 1957 and 1964, in addition to the misdemeanor charge, about 1975. Thereafter, the trial court ruled that it would permit examination as to all prior convictions.

The defense argued that, because of the court's ruling, defendant was required as a tactical matter to divulge his prior criminal record, including offenses wholly unlike the one with which he is charged,

and offenses that were nearly thirty-five years old.

In the brief, the prosecution agrees that Evid. R. 609(A) does not provide for using defendant's misdemeanor assault conviction for impeachment purposes; that, since the record does not reveal any facts about the assault conviction which was more than ten years old, the prosecution agrees that the record does not support a finding that the probative value of the conviction was so great as to warrant an exception being made in the interest of justice under Evid. R. 609(B).

The prosecution at the oral hearing admits that the trial court erred in admitting the old misdemeanor record and the prosecution does not seriously contend that the defendant was not prejudiced thereby. We, therefore, sustain defendant's first assignment of error.

With respect to the second assignment of error, the record reveals that defense counsel requested that the trial court charge the jury on the lesser included offense of assault under R.C. 2903.13, found at 4 OJI Criminal 503.13, at page 146. Although defendant was not entitled to instructions covering R.C. 2903.13(A), inasmuch as defendant concedes that there was no question that the victim suffered physical harm, we find that the trial court should have granted that portion of defendant's request for an instruction relating to R.C. 2903.13(B), recklessly causing serious physical harm to persons.

We therefore sustain defendant's second assignment of error, and reverse and remand this cause to the trial court for further proceedings in accordance with law and this decision.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and MOYER, J., concur.