OPINION
Defendant-appellant, Gary T. Mayes, appeals his conviction in the Madison County Court of Common Pleas for aggravated assault. Since we conclude that there is no plain error in this case, we affirm.
On April 22, 1998, appellant punched a co-worker in the face during an argument over a broom and a dustpan. The co-worker suffered a broken jaw and bruising from the incident. The co-worker reported the altercation to the London Police Department. On June 11, 1998, a grand jury indicted appellant on one count of aggravated assault in violation of R.C. 2903.12.
On October 22, 1998, appellant was tried before a jury. At trial, appellant testified on his own behalf, claiming that his actions were in self-defense. The jury returned a guilty verdict. The trial court sentenced appellant to a term of one year in prison. From this judgment, appellant timely filed an appeal.
In a single assignment of error on appeal, appellant asserts that he was deprived of his right to a fair trial because the state questioned him about his prior convictions. Specifically, appellant takes issue with the following colloquy between himself and the prosecutor during cross-examination:
 Q [by the prosecutor] Apparently you deny having problems with other employees at Ohio Wire?
A [by appellant] Yes.
 Q If we expand that just a little broader to the general public you have had problems, physical problems with other members of the public?
A I have.
Q Know an individual by the name of Hazel Markum?
A Yes.
Q What type of physical problem did you have with her?
 A The day after my father died we was having an argument and she throwed a 32 ounce cup of Coke in my face and I backhanded here [sic] while we were going down the road.
Q Struck her in the face?
A Yes.
 Q She was taken to the E.R. and treated for possible facial fracture?
A I took her there.
Q Took her there after you inflicted it?
A We were living together at the time.
Q Know an individual by the name of Jack Trent?
A Yes.
Q Had a little problem with Jack, didn't you?
A Yes, I did.
Q Thought he was moving in on your girlfriend?
 A I didn't know that at the time. I found out later he was.
Q Did you assault Jack?
 A I drug [sic] him out of the house. When I pulled away from the house, I was leaving, I seen him going in the patio door [sic]. She was in the shower. He was sitting on the couch smoking crack so I drug [sic] him out the back door.
Q Felony conviction?
A Yes.
Q Breaking and entering?
A A long time ago.
Q Probably not something you want to repeat?
A Pardon me?
Q Probably don't want to do any more time?
A No I don't.
Q Got a misdemeanor theft conviction, correct?
A Yes
 Q Legally those two crimes are offenses of violence, dishonesty and D.V. you understand that [sic]?
A Yes. That was over 20 years ago.
Although appellant claims that the introduction of this testimonial evidence during cross-examination violates his right to a fair trial, appellant raised no objection to this line of questioning at trial.
Since appellant made no contemporaneous objection at trial to the prosecutor's questions, we review appellant's assignment of error to determine whether there exists plain error under Crim.R. 52.[1] A plain error within the meaning of Crim.R. 52(B) "is an obvious error which is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand, would have a substantial adverse impact on the integrity of and public confidence in judicial proceedings." State v. Craft
(1977), 52 Ohio App.2d 1, paragraph one of the syllabus. Under plain error analysis, "it must be clear from the record that an error was committed and, except for the error, the result of the trial clearly would have been otherwise." State v. Bock (1984),16 Ohio App.3d 146, 150. Moreover, the plain error rule should be applied with the utmost caution and invoked only under exceptional circumstances to prevent a manifest miscarriage of justice. Statev. Cooperrider (1983), 4 Ohio St.3d 226, 227.
Appellant argues that the prosecutor's cross-examination rises to the level of plain error because it resulted in the admission of evidence of prior bad acts in violation of R.C.2945.59 and Evid.R. 404(B). Generally, Evid.R. 404(B) forbids the introduction of character evidence for the purpose of providing circumstantial proof of defendant's propensity to act in accordance with his character in the case at hand.[2] Unlike Evid. R. 404(B), R.C. 2945.59 does not act as a general prohibition against the admission of character evidence, but generally allows the introduction of such evidence to prove a criminal defendant's motive.[3]
Appellant's reliance on Evid.R. 404(B) and R.C. 2945.59 is misguided. In this case, the state did not introduce appellant's prior convictions as character evidence to prove that appellant assaulted his co-worker. The state asked appellant about his prior crimes in an effort to impeach his credibility.
Generally, a witness's credibility is at issue whenever he testifies. Redman v. Watch Tower Bible Tract Soc. ofPennsylvania (1994), 69 Ohio St.3d 98, 100. If evidence of prior crimes or "bad acts" is offered on the issue of the credibility of the witness, the admissibility of that evidence is governed by Evid.R. 609 rather than Evid.R. 404(B). See Staff Notes to Evid.R. 404. Use of character evidence for impeachment under Evid.R. 609 "is a true exception to the policy against admitting evidence of a character trait solely to show action in conformity with that trait." McCormick, Evidence (5 Ed. 1999) 685, Section 194.
Evid.R. 609 does not provide for the wholesale admission of a criminal defendant's prior convictions, but instead creates two categories of admissible prior convictions: (1) felonies, and (2) those involving dishonesty or false statement.[4] Evidence of a defendant's prior felony convictions is admissible only "if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 609(A)(2). However, evidence that the defendant has been convicted of a crime involving dishonesty or false statement is automatically admissible, regardless of the punishment and without consideration of unfair prejudice. Evid.R. 609(A)(3). Evidence of a prior conviction otherwise admissible under Evid.R. 609 is generally not admissible if a period of more than ten years has elapsed since the date of the conviction, release from confinement, termination of probation, shock probation, parole, or shock parole, whichever is the later date. Evid.R. 609(B). Yet, there is an exception to this limitation if the proponent provides sufficient advance written notice to the adverse party and the court determines that the probative value of the conviction substantially outweighs its prejudicial effect. Id.
In this case, it appears that the state attempted to impeach appellant's credibility as a witness by introducing testimonial evidence of three prior convictions: a misdemeanor assault, a misdemeanor theft offense, and a felony conviction for breaking and entering. It is unclear from the record whether appellant's convictions are within the time limits proscribed by Evid.R. 609(B). There is nothing in the record that provides dates for the convictions, termination of confinement or termination of parole. Appellant merely points to his vague trial testimony where he stated that at least one of the convictions "was over 20 years ago."
Pursuant to App.R. 9(B), appellant has the burden of filing with the appellate court the record or the appropriate portions thereof necessary for the determination of an appeal. In the absence of a complete and adequate record necessary for the resolution of an assignment of error, the reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Without an adequate record, this court cannot determine whether appellant's convictions are within the appropriate time frame set forth by Evid.R. 609(B). The state provided appellant with a written pretrial notice that gave him sufficient opportunity to contest the use of his prior convictions based on the rule's ten-year limitation. In the absence of a record of appellant's convictions, we must presume that the trial court had sufficient evidence to determine that appellant's convictions were admissible under Evid.R. 609(B).
Since we must presume that appellant's prior convictions were admissible under Evid.R. 609(B), we must now determine if each conviction was admissible under either Evid.R. 609(A)(2) or 609(A)(3). One of appellant's prior convictions was a misdemeanor theft conviction. Theft offenses are crimes of dishonesty within the meaning of Evid.R. 609(A)(3) and may be used to impeach the credibility of a witness. State v. Tolliver (1986), 33 Ohio App.3d 110,113; State v. Johnson (1983), 10 Ohio App.3d 14, 16.
Evidence that the defendant has been convicted of a crime involving dishonesty or false statement is automatically admissible, regardless of the punishment and without consideration of unfair prejudice. Evid.R. 609(A)(3). Therefore, there was no error in allowing the state to cross-examine appellant regarding his prior theft conviction in order to impeach his veracity.
On cross-examination, appellant also admitted he had a prior felony conviction for breaking and entering. R.C. 2913.01(K) includes breaking and entering in its definition of a theft offense. Since breaking and entering is a theft offense, it is also a crime of dishonesty within the meaning of Evid.R. 609(A)(3) and may be used to impeach the credibility of a witness. State v.Tolliver (1986), 33 Ohio App.3d 110, 113; State v. Smith, (Aug. 30, 1999), 1999 WL668801, at *4, Perry App. No. 98-CA-6, unreported. There was no error in allowing the state to cross-examine appellant regarding his prior felony breaking and entering conviction in order to impeach his credibility.
Finally, it appears that the state also questioned appellant about a misdemeanor assault conviction on cross-examination. Except for crimes of dishonesty, Evid.R. 609 does not provide for the admission of prior misdemeanor convictions, including assault or domestic violence, for purposes of impeachment. See State v.Glover (Aug. 15, 1988), Clermont App. No. CA85-12-106, unreported. Appellant's assault conviction arising from the incident with Hazel Markum is neither a felony nor an offense involving dishonesty. Therefore, it was improper for the state to cross-examine appellant about the conviction under the guise of attacking appellant's propensity for truthfulness.
Although it was improper to admit evidence of appellant's prior misdemeanor conviction, we do not find that the error was so prejudicial to deprive appellant of a fair trial. After a thorough review of the record, we are unable to conclude that the testimony resulted in a manifest miscarriage of justice.
Moreover, the trial court minimized any undue prejudice caused by the error when it instructed the jury that they could consider evidence of prior convictions only for purposes of impeachment. A jury is presumed to follow the instructions of the court. State v. Loza (1994), 71 Ohio St.3d 61, 75. Although the misdemeanor conviction was not proper for impeachment purposes, the instruction dispelled from the minds of the jurors any notion that the evidence could be used to prove appellant has a propensity of assaulting people.
Therefore, we find there is no plain error within the meaning of Crim.R. 52(B). Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Crim.R. 52(B) states: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
[2] Evid.R. 404(B) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
[3] R.C. 2945.59 states:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
[4] Evid.R. 609(A) states, in relevant part:
 For the purpose of attacking the credibility of a witness:
* * *
 (2) notwithstanding Evid. R. 403(A), but subject to Evid. R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
 (3) notwithstanding Evid. R. 403(A), but subject to Evid. R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.