DECISION
Appellant Douglas L. VanPelt was convicted of one count of burglary, a second-degree felony, in case B-9903385, following a jury trial. In that case, VanPelt and a friend entered the home of two of VanPelt's schoolmates and took various items, including computer equipment, televisions, a stereo, medication, and a videocassette recorder.
The state presented evidence that VanPelt and Bennie Beckman entered the home of VanPelt's schoolmates on a Wednesday morning through a back door that VanPelt knew would be unlocked. In order to transport the items that they began to remove from the home, they moved Beckman's car into the garage, lowering the garage door, and placed the items in the car. Later VanPelt, accompanied by Beckman, pawned several of the items.
VanPelt testified at trial that he and Beckman had entered the house as a "prank" to teach his schoolmates a lesson, because he believed that they had stolen a speaker and an amplifier from his car. The schoolmates denied this. According to VanPelt's testimony, he was unaware of all the items that had been stolen. He claimed that he took five pieces of computer equipment as a prank, with the intention to return them to his schoolmates at a later date. Beckman was unaware that the theft was allegedly a prank.
During VanPelt's cross-examination, the state asked him about a prior theft conviction from 1998, when he stole his uncle's firearm. On redirect, he explained that the firearm was given to him by his father in his will, and that his uncle knew that he had taken it. According to VanPelt, his uncle filed charges because VanPelt got mud on his uncle's rug when he went to his uncle's room to get the firearm.
In an unrelated case numbered B-9903994, VanPelt pleaded guilty to and was convicted of one count of receiving stolen property, a fifth-degree felony. In that case, a videocassette recorder from Deer Park High School had been found in his possession.
Concluding that there was no error in the receiving-stolen-property conviction, VanPelt's appeal addresses only the burglary conviction. VanPelt raises three assignments of error. In his first assignment, he contends the trial court erred by admitting into evidence his prior misdemeanor theft conviction for purposes of impeaching his testimony. In his second assignment, VanPelt argues that the trial court erred in overruling his challenge of a juror for cause. Last, he asserts that the trial court erred by allowing the state to use his prior theft conviction in its closing argument as "other acts" evidence under Evid.R. 404(B).
We find no error in the trial court's admission into evidence of VanPelt's prior misdemeanor theft conviction. VanPelt testified on his own behalf at trial. His story was that he had stolen items to teach the victims a lesson. Generally, by taking the stand, a defendant places his credibility at issue. Evid.R. 609(A)(3) allows, subject to Evid.R. 403(B), the introduction of evidence that a witness has been convicted of a crime involving dishonesty or a false statement for the purpose of attacking the witness's credibility.
VanPelt argues that the rule is limited to crimen falsi
offenses convictions for crimes that bear directly on a witness's propensity to testify truthfully and that theft is not a crime of dishonesty within the meaning of Evid.R. 609(A)(3). Ohio courts, including this court, have decided that theft is a crime of dishonesty, and that a prior conviction for theft can, therefore, be used for impeachment.[1] In State v. Johnson,[2]
the Tenth District Court of Appeals explained why Evid.R. 609(A)(2) (a former version of what is now Evid.R. 609[A][3] that allowed impeachment of a witness with crimes that involved dishonesty or false statement) was not limited to crimen falsi
offenses. It stated,
 While there is some support for defendant's position in some federal cases, courts of some states have defined "dishonesty" in a much broader sense so as to include theft offenses. [Citations deleted.] Although there is some suggestion of the limitation in the Staff Notes to the rule, it is inconceivable that the drafters of the rule would not have been more precise and used more limiting language, such as crimen falsi
or fraud, had such a limitation been intended, rather than using the much broader term "dishonesty." Clearly and undisputedly, a theft is inherently dishonest. Common sense dictates that stealing is a dishonest act. While dishonesty also includes deceit, it is not limited thereto. In light of the provision of Evid.R. 102, * * * the common law has been superseded only to the extent clearly indicated by the rules. Since a theft offense could be used to impeach under the common law, and in common parlance theft involves dishonesty, we are constrained to the common-sense conclusion that dishonest acts such as receiving stolen property and stealing are included within the meaning of the word "dishonesty," as used in Evid.R. 609(A)(2).[3]
This conclusion is bolstered by the fact that the drafters of the rule did not change the language "involved dishonesty or false statement" in the 1991 amendments. Thus, because VanPelt's misdemeanor theft conviction was a crime of dishonesty, we overrule VanPelt's first assignment.
In his second assignment, VanPelt argues that the trial court erroneously overruled his challenge of a juror for cause. VanPelt challenged the juror on the ground that he was a Cincinnati police detective who knew the judge and had testified numerous times on behalf of the state. The trial court overruled the challenge for cause, and VanPelt used his third peremptory challenge to remove the detective. VanPelt cannot claim prejudice as a result of the ruling, where the record demonstrates that he was able to remove the juror without exhausting his peremptory challenges before the full jury was seated.[4] In other words, when the jury was finally seated after the removal of the detective, VanPelt still had a peremptory challenge left, which he did not feel the necessity to use. We overrule VanPelt's second assignment.
In his third assignment, VanPelt argues that it was plain error for the trial court to allow the state, in its closing argument, to use his prior theft conviction as evidence that he acted in conformity with his character when he committed the burglary. Our review of the record shows that the state, in closing argument, referred to VanPelt's theft of the firearm not to test his credibility, but to contend that VanPelt stole things when he felt he had been mistreated. This was a misuse of the prior theft conviction.
There was no objection to the closing argument. Thus, we must review this assignment under the plain-error doctrine, since "[a] claim of error in a criminal case can not be predicated upon the improper remarks of counsel during his argument at trial, which were not objected to, unless such remarks serve to deny the defendant a fair trial."[5] Plain error results when "but for the error, the outcome of the trial clearly would have been otherwise."[6]
In this case, the court did not give the jury a limiting instruction on the use of VanPelt's prior theft conviction at the time it was introduced into evidence. The state, in its closing argument, said at one point that the judge would inform the jury that VanPelt's prior conviction could be used only for "purposes of credibility." The trial court did not provide such an instruction, and VanPelt did not request one. The trial court did, however, instruct the jury before closing arguments that "closing arguments are not evidence but they are certainly something that you should listen to as they can be very helpful for you in arriving at a just verdict." This instruction, without any additional limitation on the use of VanPelt's prior conviction, exacerbated the state's improper use of the conviction. (VanPelt well may not have requested an additional instruction, not wanting to call additional attention to the conviction. Although we do not question this strategy, the fact remains that the state proceeded to cite the conviction for an improper purpose.) Based on the strength of the evidence at trial, however, we cannot conclude that but for the state's improper closing argument, the outcome of the trial would have been different. The argument was improper only in this one respect, and the violation was substantially less than egregious. Van Pelt was entitled to a fair trial, not a perfect trial.[7] We overrule VanPelt's third assignment.
Therefore, the judgment of the trial court is affirmed.
 _________________________ PRESIDING JUDGE DOAN
 Judgment affirmed.
 DOAN, P.J., and SHANNON, J., concur.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Johnson (1983), 10 Ohio App.3d 14,460 N.E.2d 625; State v. Taliaferro (1981), 2 Ohio App.3d 405,442 N.E.2d 481; State v. Tolliver (1986), 33 Ohio App.3d 110,514 N.E.2d 922; State v. Jones (Dec. 29, 1995), Hamilton App. No. C-950005, unreported; State v. Pratt (Sept. 9, 1987), Hamilton App. No. C-860436, unreported; State v. Mayes (Dec. 30, 1999), Madison App. No. CA99-01-022, unreported; State v. Wright (June 24, 1998), Columbiana App. No. 96-C0-34, unreported; State v. Cantrell (July 21, 1997), Ross App. No. 96 CA 2255, unreported.
[2] State v. Johnson, supra.
[3] State v. Johnson at 16, 460 N.E.2d at 629.
[4] See State v. Tyler (1990), 50 Ohio St.3d 24, 553 N.E.2d 576;State v. Getsy (1998), 84 Ohio St.3d 180, 702 N.E.2d 866, certiorari denied (1999), U.S., 119 S.Ct. 2407; State v.Falter (July 20, 1983), Hamilton App. No. C-820809, unreported.
[5] State v. Saleem (Nov. 19, 1999), Hamilton App. No. C-960921, unreported, quoting State v. Wade (1978), 53 Ohio St.2d 182,373 N.E.2d 1244, paragraph one of the syllabus.
[6] See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; State v. Lindsey (2000), 87 Ohio St.3d 479,721 N.E.2d 995.
[7] See State v. Jones (Aug. 28, 1998), Hamilton App. No. C-970043, unreported; State v. Hart (June 26, 1996), Hamilton App. No. C-950610, unreported.