The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown* (1993), 85 Ohio App.3d 716.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–92–5.

Decided March 31, 1993.

*Charles F. Kennedy III,* Van Wert County Prosecuting Attorney, for appellee.

*Charles F. Koch,* for appellant.

HADLEY, Judge.

Defendant-appellant, Tony Brown, appeals from the judgment entry of conviction of the Van Wert County Court of Common Pleas, which found him guilty of violating R.C. 2923.03(A)(2) and 2925.03(A)(1) and sentenced him pursuant to R.C. 2925.03(E)(1).

Appellant was indicted on October 7, 1991, for complicity in trafficking marihuana within one thousand feet of school premises. The indictment was secured after an undercover operation by the Van Wert County Sheriff's Department. Appellant entered a plea of not guilty on October 10, 1991. At his jury trial on January 9, 1992, appellant was found guilty of the charge as stated in the

indictment. The trial court sentenced him on February 5, 1992, to a definite term of two years and a mandatory fine of $1000. Appellant timely filed this appeal and asserts three assignments of error.

### Assignment of Error No. 1

"The prosecutor's remarks during closing argument were so prejudicial to the rights of the appellant that the conviction should be reversed and a new trial be granted."

Appellant argues that there were three statements made during the prosecutor's closing argument that were prejudicial to him and, therefore, he should be granted a new trial. First, the prosecutor referred to the problem of drugs in "our" society; second, the prosecutor referred to a "smokescreen" by appellant and counsel; and third, the prosecutor's indicated that appellant could "return" to prison.

We will address the first and second statements collectively. Initially, we note that no timely objection was made by appellant's trial counsel at the time these statements were made, nor was there any objection made at the conclusion of the prosecutor's closing arguments. Generally, in the absence of an objection, a reviewing court will not consider an alleged error, unless it is plain error. *State v. Williams* (1974), 39 Ohio St.2d 20, 25, 68 O.O.2d 12, 14, 313 N.E.2d 859, 862; Crim.R. 52(B). Therefore, since no objection was made in the case *sub judice*, we must determine if these remarks by the prosecutor rise to the level of plain error. The standard for determining plain error is whether substantial rights of the accused have been so adversely affected as to undermine the fairness of the guilt-determining process. *State v. Swanson* (1984), 16 Ohio App.3d 375, 377, 16 OBR 430, 432, 476 N.E.2d 672, 675. Upon review of the prosecutor's final argument, we do not find these statements undermined the fairness of appellant's trial.

Appellant did, however, object to the third statement concerning the possibility that appellant could return to prison if the jury returned a guilty verdict. This objection was sustained by the trial court and a conversation was held at the bench between the judge and both counsel. No record was made of this conversation in the trial transcript. The transcription renews with the prosecutor returning to his argument with no further references of the possibility that appellant could return to prison and no admonishment by the trial judge to the jury to not consider that statement made by the prosecutor. It is also important to note that the jury heard evidence that appellant had been in prison for previous offenses prior to closing arguments. Appellant was questioned when he was testifying by his attorney on direct concerning a previous conviction and by the prosecutor on cross-examination concerning imprisonments resulting from previous convictions.

■ The prosecution and defense are generally permitted a large degree of discretion during the presentation of closing arguments. *State v. Stephens* (1970), 24 Ohio St.2d 76, 82, 53 O.O.2d 182, 185, 263 N.E.2d 773, 776. A closing argument is not grounds for reversal unless, based on the argument in its entirety, it denied the defendant a fair trial. *State v. Woods* (1982), 8 Ohio App.3d 56, 62, 8 OBR 87, 93, 455 N.E.2d 1289, 1297. After a review of the prosecutor's closing argument herein, we do not find that appellant was denied a fair trial. Also, the trial court reminded the jury during the instructions that attorneys' opening statements and closing arguments were not to be considered evidence and that if they found appellant guilty, the duty to determine punishment was upon the court, not upon the jury.

For the above stated reasons, this assignment of error is overruled.

### Assignment of Error No. 2

"The trial court erred in overruling the appellant's motion for judgment of acquittal and erred in admitting the testimony of a the [*sic* ] state's witness, Kurt [*sic,* Curtis] Wilkinson."

■ Appellant presents two arguments in this assignment. First, the prosecution did not provide the name of a witness until the day prior to trial. Second, the prosecution did not present any evidence as to who owned the property on which the alleged school is constructed on the date of the crime.

We will first address the argument concerning supplying the name of Wilkinson the day before trial. On January 8, 1992, the prosecutor filed a "Supplemental Response to Request for Discovery" and therein included Wilkinson's name as an additional witness he would be calling at trial. Crim.R. 16(D) requires that both parties have a continuing duty, subsequent to an original request for discovery, to notify the other party of material or evidence which would have been subject to the original request for discovery.

Herein, there is nothing in the record to indicate that the prosecutor did not promptly notify appellant of his intent to use Wilkinson as a witness. Appellant argues that the one-day notice did not provide him with sufficient time to properly examine this witness. However, appellant did not request a continuance of the trial the day he received the supplemental response, nor did he request a continuance prior to or during trial. Although appellant's attorney stated to the trial judge at the time of Wilkinson's testimony that he was not prepared, he did not request an opportunity to voir dire the witness nor a continuance to prepare for the exam of this witness. Further, appellant does not allege in his brief how the failure to prepare prejudiced his defense.

Therefore, we find there was no error in permitting Wilkinson to testify at trial.

Appellant also argues that the prosecutor did not present any evidence that there was a "school" within one thousand feet of the place of the offense. Specifically, he argues that the prosecutor was required to prove the statutory definition of "school" and "school premises," as enunciated in R.C. 2925.01(Q) and (R). Moreover, he argues that there was no evidence as to who owned the property on which the alleged school was located on the date of the crime as alleged in the indictment. Therefore, this element should have been eliminated from the jury's consideration because it should not have survived the motion for acquittal which appellant moved for at the close of appellee's case-in-chief.

We initially note that if appellant wanted these definitions presented to the jury, he should have submitted jury instructions to the trial judge or made an objection during the instructional phase. However, we address this issue, in the absence of an objection, to determine if plain error was present. Crim.R. 52(B). In deciding whether plain error was present, there are several determinations which must be made. First, we must determine whether the trial court was required to give a jury instruction reciting the definitions of "school" and "school premises." This necessarily requires us to determine if "within one thousand feet of the boundaries of any school premises" is an element of the offense. Next, we must determine if there was plain error because it is an element of the offense and no jury instructions were given on this issue.

Appellant was found guilty of violating R.C. 2923.03(A)(2) and 2925.03(A)(1), complicity in trafficking marihuana. If convicted of such a crime, an offender is guilty of a fourth degree felony. The jury also made a separate finding that the offense committed by appellant was committed within one thousand feet of school premises. Therefore, the trial court sentenced appellant pursuant to R.C. 2925.03(E)(1), which elevates the degree of felony to one of third degree, and increases the minimum term of imprisonment, pursuant to R.C. 2929.11.

R.C. 2925.01 provides definitions for use in R.C. Chapter 2925, including:

"(R) 'School premises' means either of the following:

"(1) The parcel of real property on which any school is situated, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted on the premises at the time a criminal offense is committed;

"(2) Any other parcel or real property that is owned or leased by a board of education of a school or the governing body of a school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code and on which some of the instruction, extracurricular activities, or training of the school is conducted, whether or not any instruction, extracurricular

activities, or training provided by the school is being conducted on the parcel of real property at the time a criminal offense is committed."

"School" is defined in R.C. 2925.01(Q), as follows:

"(Q) 'School' means any school operated by a board of education or any school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted at the time a criminal offense is committed."

■ The charge in the indictment contained an allegation that the offense was committed within one thousand feet of school premises. Because the charge in the indictment incorporated statutory definitions, namely "school" and "school premises" as defined in R.C. 2925.01(Q) and (R), which are elements of the offense (as more fully explained *infra*), it was error for the trial court to omit these definitions from its instructions to the jury. *State v. Burch* (Nov. 15, 1988), Wyandot App. No. 16–86–11, unreported, 1988 WL 122479.

■ Therefore, before we can determine whether this was plain error, we must find that "within one thousand feet of the boundaries of any school premises" is an element of the offense of which appellant was found guilty. The statute under which appellant was sentenced, R.C. 2925.03(E)(1), states:

"If the drug involved is marihuana, whoever violates this section is guilty of trafficking in marihuana.

"(1) Where the offender has violated division (A)(1) of this section, trafficking in marihuana is a felony of the fourth degree, except that [if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises or the offender previously has been convicted of a felony drug abuse offense] trafficking in marihuana is a felony of the third degree."

Thus, under the four circumstances noted in R.C. 2925.03(E)(1), a defendant would be subject to an elevated degree of felony and an enhanced minimum incarceration period. See R.C. 2929.11. The Supreme Court of Ohio has held that where an *enhanced punishment* could be imposed on a defendant because of a prior conviction [1] *and* the defendant is subject to an *elevated degree of felony*, the state must prove, beyond a reasonable doubt, those facts necessary to subject the defendant to additional punishment time. *State v. Gordon* (1971), 28 Ohio St.2d 45, 47–48, 57 O.O.2d 180, 181–182, 276 N.E.2d 243, 244–245. Thus, the

---

1. It is important to note that R.C. 2925.03(E)(1) includes an enhanced punishment and an elevated felony if defendant has previously been convicted of a felony drug abuse offense.

finding of additional facts to enhance a defendant's penalty and an elevation of the degree of felony results in an essential element which must be proven by the prosecution before the enhanced penalty can be imposed. *Id.*

When the punishment of the offender is increased by adding an element to the offense, there must be some substantial, credible evidence proving the additional element beyond a reasonable doubt. For example, in cases increasing incarceration for possession of a firearm during the commission of certain offenses it must be proven beyond a reasonable doubt that the firearm was operable to enhance the defendant's punishment. *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68; *State v. Murphy* (1990), 49 Ohio St.3d 206, 209, 551 N.E.2d 932, 935; *State v. Mills* (1991), 73 Ohio App.3d 27, 29–30, 595 N.E.2d 1045, 1046–1047. The actual firearm need not be brought into evidence but, rather, circumstantial evidence is sufficient to establish that the firearm was operable; for example, the smell of gunpowder, bullets and bullet holes, or the testimony of lay witnesses in a position to view the instrument and the surrounding circumstance, could establish the operability of the firearm. *Gaines, Murphy* and *Mills, supra.* Similarly, evidence that a "school" was within one thousand feet of the alleged criminal activity does not prove beyond a reasonable doubt that this school was operated by a board of education, as intended by the legislature.

Since the prosecution must prove the existence of school premises, it must necessarily prove that a school is present, as statutorily defined in R.C. 2925.-01(Q). This is because "school" is used in the definition of "school premises."

"Where a statute defines terms used therein which are applicable to the subject matter affected by the legislation, such definition controls in the application of the statute." *Terteling Bros., Inc. v. Glander* (1949), 151 Ohio St. 236, 39 O.O. 60, 85 N.E.2d 379, paragraph one of the syllabus.

Thus, the prosecution must have proven that the criminal activity took place within one thousand feet of the parcel of real property on which a school operated by a board of education is operated or for which the state board of education prescribes minimum standards or within one thousand feet of any parcel of real property that was owned or leased by a board of education of a school or the governing body of a school for which the state board of education prescribes minimum standards.

Herein, we conclude that the finding of "within one thousand feet of the boundaries of any school premises" is an essential element of the state's case-in-chief which must be proven beyond a reasonable doubt before an enhanced penalty and elevated degree of felony can be imposed. Therefore, since "within one thousand feet of the boundaries of any school premises" is an essential element and there were no jury instructions given for the definitions of "school" and "school premises," there was error. *Burch, supra.* However, an error may

not require reversal in every case; only if there is plain error must there be a reversal. *Id.*

Appellee argues in its brief that a reasonable mind "might fairly find" that it proved that the criminal activity occurred within one thousand feet of a school upon a review of Wilkinson's testimony. We disagree. Wilkinson's testimony fails to meet the prosecution's requirement to prove each and every element of the offense beyond a reasonable doubt. The evidence adduced at the trial fails to meet either of the following definitions of school premises as stated in R.C. 2925.01(R).

Pursuant to R.C. 2925.01(R)(1), a prosecutor could request an enhanced punishment if he could prove that the offense took place within one thousand feet of the parcel of real property on which any school is situated. Further, the prosecutor must show that the school on the school premises is operated by a board of education, as further defined in section (Q) of R.C. 2925.01. Herein, there was absolutely no evidence presented by the prosecutor that Van Wert High School was being operated by a board of education on January 11, 1991. Thus, it was impossible to say that a reasonable mind "might fairly find" the existence of school premises under the definition in R.C. 2925.01(R)(1).

Although one or any number of the members of the jury in this case may possibly have known that Van Wert High School was a school as defined by R.C. 2925.01(Q), we can not assume this. It is not clear that all the members of the jury herein knew Van Wert High School was currently being operated by a board of education. For this court to find that all of the elements of the offense have been proven, we must find such proof in the record. Herein, the record does not present the proof that Van Wert High School was at the time of the offense, a school operated by a board of education.

Pursuant to R.C. 2925.01(R)(2), an enhanced punishment could be imposed if it could be proven that the offense took place within one thousand feet of any parcel of real property owned or leased by a board of education or the governing body of a school for which the state board of education prescribes minimum standards. The record in the matter *sub judice* manifests Curtis Wilkinson's testimony stating that he surveyed the property on which Van Wert High School was located in 1974. Wilkinson also testified that either Van Wert High School or the "city" owned the property in 1974. However, there was no survey of the property completed after the date of the criminal activity, January 11, 1991, no confirmation as to who owned the land and the building on the parcel or real property on January 11, 1991, nor was there any measurements taken between the place where the offense occurred and the "school" in question on or after January 11, 1991. Based upon the lack of evidence on this element, we cannot agree with appellee that reasonable minds could have found guilt beyond a

reasonable doubt that Van Wert High School was being operated by a board of education at the time of the offense.

Although the matter of whether the school is operated by a board of education may be deemed trivial, it is not. The purpose of such a statute as R.C. 2925.03 is to keep drugs out of schools and to keep children away from the lure of drugs if possible. See *United States v. Falu* (C.A.2, 1985), 776 F.2d 46, 50. Thus, before one can be subjected to an enhanced penalty and an elevated degree of felony for such an offense, it is imperative that the prosecutor prove the element at which the statute is aimed—keeping drugs out of *schools* which are used for educating children.

Thus, as there was no evidence sufficient to satisfy either R.C. 2925.01(R)(1) or (2), we conclude that the element of "within one thousand feet of the boundaries of any school premises" was not proven beyond a reasonable doubt and this constituted plain error. Generally, if an element of an offense is not proven, the defendant's conviction must be set aside. However, herein, the jury made a separate finding that when appellant violated R.C. 2925.03(A)(1), he was within one thousand feet of school premises. Therefore, his conviction for a violation of R.C. 2925.03(A)(1) need not be vacated, but rather it is affirmed and his sentence, pursuant to R.C. 2925.03(E)(1), is vacated and remanded to the trial court for sentencing consistent with this opinion.

### Assignment of Error No. 3

"The trial court erred in allowing the state to cross-examine the appellant concerning prior convictions which were more than ten years prior to the date of the offense in question."

Appellant argues that, contrary to Evid.R. 609(B), the trial court permitted appellee to introduce evidence of three prior convictions more than ten years old. Appellant not only argues that he received late notice of the intent to use these convictions, but also that the probative value of these convictions for impeachment purposes did not substantially outweigh the prejudicial effect of such convictions.

Relevant to this assignment of error, therefore, is the text of Evid.R. 609(B),[2] which states:

"Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of

---

2. For the sole purpose of addressing the parties' argument, Evid.R. 609 that was in effect on the date of the alleged act, January 11, 1991, is the applicable rule for the facts *sub judice*. Regardless, Evid.R. 609(B) did not undergo any substantive changes on July 1, 1991, the date amendments to Evid.R. 609 became effective.

the release of the witness from the confinement \* \* \* whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

The trial court has broad discretion in determining whether prior convictions will be admitted into testimony, pursuant to Evid.R. 609, and the extent to which such testimony will be used. *State v. Wright* (1990), 48 Ohio St.3d 5, 548 N.E.2d 923, syllabus. Based upon the consideration of all relevant factors herein and a review of the record, we find that the trial court did not abuse its discretion in admitting the prior convictions into evidence for the purposes of impeaching the appellant.

First, in regard to the issue of notice, in October 1991, appellee provided appellant with a discovery packet, containing appellant's prior convictions. No notice of intent to use said prior convictions at trial was presented with this discovery packet. Three days prior to trial, appellee filed a notice of intent to use convictions more than ten years old at trial. The next day, appellant filed a motion for a protective order to prevent the prior convictions from being admitted into evidence at trial. The trial court did not rule upon this issue until after appellee had rested its case. After a discussion between the trial judge and the parties' attorneys, the trial court stated that the probative value outweighed the prejudicial effect and permitted all three prior convictions more than ten years old to be admitted, and a prior conviction within the preceding ten years to be admitted.

Although appellant requested in his motion for a protective order for a continuance of trial if the motion was not granted, subsequent to the trial judge's ruling upon this issue at trial, appellant only requested "a few minutes" with his client, which the trial judge permitted. He did not renew his request for a continuance nor make any further objection concerning the convictions. In the absence of such a request or an objection, we cannot find that the trial court abused its discretion in permitting the notice of intent to use prior convictions more than ten years old.

Second, we do not find that the trial court abused its discretion in determining that the probative value of the prior convictions substantially outweighed the prejudicial effect of such convictions. The three prior convictions, aggravated burglary, grand theft, and receiving stolen property, all involve dishonesty. *State v. Tolliver* (1986), 33 Ohio App.3d 110, 113, 514 N.E.2d 922, 925. Because all the

convictions involved dishonesty, this directly impacts on appellant's credibility regarding his testimony at trial. *Id.*

Appellant's testimony on direct centered on his defense that he was an innocent bystander and was not involved in any way on January 11, 1991, with a drug exchange. Conversely, the prosecutor's case argued that appellant purposely picked up a friend that day and was directly involved in the drug exchange, as relayed by the drug informant at the time of the exchange. Thus, the trial involved an issue of credibility, whether to believe the state's witnesses or appellant's testimony. Therefore, the trial court properly admitted evidence concerning appellant's credibility, since it was especially relevant and material to the trier of fact.

For the above-stated reasons, this assignment of error is overruled.

*Judgment affirmed,*
*sentence vacated and cause remanded*
*for resentencing.*

EVANS, P.J., concurs.

BRYANT, J., concurs separately.

THOMAS F. BRYANT, Judge, concurring separately.

I concur separately, for I agree with the judgment to be entered but disagree with the reasoning and application of authorities by the majority in its consideration of the first branch of appellant's second assignment of error in reaching that result. While I agree that an essential element of the state's required proof is missing, I disagree with the majority about which element of proof is lacking.

My review of the trial transcript discloses that no evidence of distance was introduced to prove the essential element of the specification concerning the occurrence of the transaction at issue within one thousand feet of a school. The sole pertinent reference to the subject of distance is contained in a question of the prosecutor eliciting the affirmative response of a state's witness that he could "tell us if all of Smitty's Motel is within one thousand feet of the boundaries of that school." Following the overruling of the objection to that question interposed by defense counsel, the matter was pursued no further and the critical question of the fact of distance was neither asked nor answered.

In the absence of evidence that the offense occurred within the proscribed distance from a school, the motion for acquittal on that precise issue should have been granted. This issue was preserved by the specific motion on the record. Thus I believe the issue of how and when the state must prove that a school is a school is unnecessarily decided.

In my view, it is not only unnecessary but unwise, based on the record before us, to weigh the evidence adduced at trial and to gratuitously find plain error in order to adopt the restrictive evidentiary views of *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68, cited in *State v. Mills* (1991), 73 Ohio App.3d 27, 595 N.E.2d 1045, concerning specifics of the quality and quantum of evidence necessary to carry the state's burden of proof of guilt beyond a reasonable doubt.[3]

By adopting this precedent as related in the majority opinion in the case now before us, we disregard the express modification of *Gaines* by *State v. Murphy* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932, and the recognition of that modification in *Mills*, permitting proof of the required element by some relevant circumstantial evidence.

I fear that in straining to require the state to introduce in its case-in-chief specific items of evidence to prove ownership of school realty where the fact that a school is a school is neither disputed nor challenged, we frustrate the purpose we recognize for enhanced penalty, exalting format over probity in order to do so.

When considering the evidence necessary to prove operability of a firearm in violation of R.C. 2923.11(B), a statute requiring for enhancement of penalty proof that an operable firearm was used in the offense prohibited by that statute, the Supreme Court held in *State v. Murphy, supra,* 49 Ohio St.3d at 209, 551 N.E.2d at 935, that "such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime. To rule otherwise would destroy the intent of the General Assembly to impose an additional term of three years' actual imprisonment on those persons who use a firearm to carry out their criminal objectives."

If it is sufficient circumstantial evidence of the operability of a firearm for a layman to testify only to the manner in which the firearm was displayed by the defendant and the minimal observations of the instrument then made, as in *Murphy*, I perceive no less sufficiency of testimony from a person who has observed the fact that a school is a school for the purposes of R.C. 2925.03(A)(1) and (E)(1). The weight to be assigned to such evidence is a jury question. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

---

3. Cf. *State v. Armstead* (1993), 85 Ohio App.3d 247, 619 N.E.2d 513, in which this court affirmed admission of circumstantial evidence alone in proof of "boundary lines" of "school premises."