On July 6, 1995, defendant-appellant, Ellen Lolita Wilson, was indicted on two counts of aggravated trafficking in cocaine in violation of R.C. 2925.03. The indictment alleged that appellant had sold crack cocaine to a police informant on March 9 and 11, 1995. Appellant entered not guilty pleas to both charges and the case was tried to a jury in the Madison County Court of Common Pleas on November 27, 1995.
The state's primary witness, Anthony Hamilton, testified that he began working with the London, Ohio Police Department as a confidential informant after he was arrested for trafficking in cocaine on March 4, 1995. Hamilton testified that he went to Alfred "Cubby" Wilson's home in London on the evening of March 9, 1995 and asked Wilson to help him purchase crack cocaine. Wilson drove Hamilton to the 151 Club in London where the two men met appellant and another man, Stephen Cash.
Hamilton testified that he, Wilson, Cash, and appellant went to a car in the parking lot of the club. Hamilton gave Cash $100. Cash counted the money and then told appellant to "give him $100 worth of dope." Appellant passed a "rock" of crack cocaine to Cash who in turn handed it to Hamilton. A chemical analysis of the rock Hamilton purchased from appellant and Cash on March 9, 1995 later revealed that it contained .7 grams of cocaine.
Hamilton testified that he also purchased crack cocaine from appellant at the 151 Club on March 11, 1995. Hamilton testified that he went to a car in the parking lot of the club with appellant where he gave her $20 and asked to purchase a "$20 rock." Appellant took the money and gave Hamilton a rock of crack cocaine. The rock Hamilton purchased from appellant on March 11, 1995 contained .2 grams of cocaine.
London Police Sergeant David Litchfield testified that Hamilton conducted "controlled buys" of crack cocaine at the 151 Club as part of an undercover drug investigation police were conducting on March 9 and 11, 1995. Litchfield testified that he supplied Hamilton with money to make the drug purchases and that he thoroughly searched Hamilton's person before both buys to ensure that Hamilton was not in possession of any cocaine or other contraband. Litchfield testified that police kept Hamilton under surveillance during both buys and that he met with Hamilton immediately after each transaction to retrieve the cocaine that had been purchased. Litchfield also testified that he equipped Hamilton with a "body wire" which allowed police to monitor both drug transactions. An audio recording of both drug transactions was also offered into evidence by the state.
Appellant did not testify at trial or offer any other evidence in her own defense. Appellant was convicted of both counts of aggravated trafficking and sentenced to two concurrent two-year terms of imprisonment. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIMINAL RULE 29(A) MOTION FOR ACQUITTAL AT THE CLOSE OF STATE'S EVIDENCE.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO CHARGE SUA SPONTE WITHOUT REQUEST BY DEFENDANT THAT TESTIMONY OF INFORMER WAS REQUIRED TO BE VIEWED WITH CAUTION AND WEIGHED WITH GREAT CARE.
In her first assignment of error, appellant contends that the trial court erred in overruling her Crim.R. 29(A) motion for acquittal. Crim.R. 29(A) provides, in pertinent part, as follows:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
A trial court's function in ruling on a Crim.R. 29(A) motion for acquittal is to examine all of the evidence admitted at trial and to then determine whether reasonable minds could reach different conclusions as to whether all material elements of the offense were proven beyond a reasonable doubt. State v. Apanovitch (1987), 33 Ohio St.3d 19, 23.
R.C. 2925.03(A)(1) defines the crime of aggravated trafficking in cocaine and provides, in pertinent part, that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance in an amount less than the minimum bulk amount." R.C.2925.01(E)(1) further defines the "bulk amount" for purposes of R.C. 2925.03(A)(1) as follows: "[b]ulk amount of a controlled substance means * * * [a]n amount equal to or exceeding ten grams * * * of a compound, mixture, preparation, or substance that is or contains any amount of * * * cocaine."
Our review of the record indicates that the state presented substantial, credible evidence at trial which would allow the jury to conclude that appellant sold quantities of crack cocaine which were less than the minimum bulk amount on March 9 and 11, 1995. Therefore, the trial court did not err in overruling appellant's Crim.R. 29(A) motion for acquittal. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant contends that the trial court erred in failing to instruct the jury that Hamilton's testimony must be "viewed with caution and weighed with great care." Appellant concedes that she failed to request such an instruction in a timely manner as required by Crim.R. 30. Therefore, our focus in ruling on this assignment of error is limited to determining whether the trial court committed plain error. State v. Underwood (1983), 3 Ohio St.3d 12, 13.
Plain error exists where the substantial rights of the defendant were so adversely affected as to undermine the fairness of the guilt determining process. State v. Brown (1993), 85 Ohio App.3d 716,719; State v. Swanson (1984), 16 Ohio App.3d 375, 377. "Notice of plain error is * * * to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91,97. The use of a defective jury instruction does not rise to the level of plain error "unless the outcome of the trial clearly would have been otherwise if the instruction had been properly given." State v. Blankenship (1995), 102 Ohio App.3d 534,546; Cleveland v. Buckley (1990), 67 Ohio App.3d 799, 805.
Appellant relies on the Sixth Circuit's decision in United States v. Griffin (C.A. 6, 1967), 382 F.2d 823. Griffin held that a trial court is required to instruct the jury that an informant's testimony must be viewed with caution and weighed with great care where there is no other evidence whatsoever to corroborate the informant's testimony. Id. at 829.
In State v. Tyree (July 1, 1996), Madison App. No. CA95-12-042, unreported, we considered whether the trial court erred in failing to give a Griffin instruction on facts similar to this case. The defendant in Tyree was tried and convicted of aggravated drug trafficking after she sold crack cocaine to Anthony Hamilton, the same confidential informant who purchased crack cocaine from appellant in this case. Id. at 4. The defendant appealed her conviction, arguing that Hamilton's testimony was inherently unreliable and that the trial court should therefore have given a Griffin instruction even though no such instruction was requested. Id. at 6.
On appeal, we held that a Griffin instruction was unnecessary because there was evidence in the record to corroborate Hamilton's testimony. Id. at 6-7. Our decision reasoned as follows:
 Hamilton's allegations against Tyree were corroborated by officers at the scene. Although none of the officers saw the actual transaction, police found no crack cocaine on Hamilton before he left for the Surry Square apartments. When he returned to the fairgrounds, Hamilton produced crack cocaine and the $40 the police had given him was gone. Although no officer visually identified Tyree, Sergeant Litchfield identified Tyree's voice. None of the officers at the scene saw Hamilton interact with anyone else.
Id. at 5.
As in Tyree, there is substantial, credible evidence which corroborates Hamilton's testimony in this case. The record shows that Litchfield searched Hamilton before each drug purchase in order to ensure that Hamilton was not in possession of any crack cocaine or other contraband. Litchfield then equipped Hamilton with a body wire and, with the help of other officers, kept Hamilton under surveillance while he went to the 151 Club and purchased cocaine. Hamilton met with Litchfield immediately after each drug transaction and turned the crack cocaine he had purchased over to police. An audio recording of each drug transaction was also offered into evidence by the state.
After carefully reviewing these facts, we are satisfied that Hamilton's testimony was corroborated by sufficient evidence such that no Griffin instruction was necessary in this case. Therefore, appellant's second assignment of error is without merit and is overruled. The judgment of the trial court is hereby affirmed.
YOUNG, P.J., and WALSH, J., concur.