OPINION AND JUDGMENT ENTRY
This is a consolidated appeal from a judgment of the Williams County Court of Common Pleas, following a jury trial, which found appellant guilty of eight counts of aggravated trafficking in drugs and two counts of possession of drugs.
On appeal appellant, John A. Olvera, sets forth the following four assignments of error:
 "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO SEVER FOR TRIAL, THE TWO CASES IN THIS MATTER.
 "II. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO (1) RAISE A CONTINUING OBJECTION TO THE INTRODUCTION OF APPELLANT'S PRIOR CONVICTION IN EXCESS OF TEN YEARS OLD; (2) OBJECT TO THE COURT'S FAILURE TO SPECIFICALLY INSTRUCT THE JURY ON THE LIMITED USE OF APPELLANT'S PRIOR CONVICTION; AND (3) OBJECT TO THE INSUFFICIENT NOTICE GIVEN BY THE STATE OF ITS INTENT TO USE APPELLANT'S PRIOR CONVICTION."
 "III. THE TRIAL COURT ERRED BY PERMITTING THE STATE TO IMPEACH APPELLANT'S TESTIMONY WITH A CRIMINAL CONVICTION OVER TEN YEARS OLD WITHOUT SPECIFIC FINDINGS OF FACTS AND CIRCUMSTANCES SHOWING THAT THE PROBATIVE VALUE OF SUCH CONVICTION SUBSTANTIALLY OUTWEIGHED ITS PREJUDICIAL EFFECT.
 "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY PERMITTING THE JURY TO DETERMINE WHETHER DRUGS WERE SOLD WITHIN 1,000 FEET OF A SCHOOL PROPERTY, AND THE JURY'S VERDICT ON THIS ISSUE IS UNSUPPORTED BY THE WEIGHT OF THE EVIDENCE."
On May 27, 1998, the Williams County Grand Jury indicted appellant on one count of cocaine possession in violation of R.C.2925.11(A) and (C)(4)(b), and one count of possession of marijuana in violation of R.C. 2925.11(A) and (C)(3)(c) ("first indictment"). The first indictment was brought after members of the Multi-Area Narcotics ("MAN") Unit, utilizing law enforcement personnel from Defiance, Putnam, Fulton and Henry counties, executed a warrant to search appellant's home at 316 East Bryan Street, Bryan, Ohio on May 7, 1998. On June 1, 1998, appellant entered a plea of not guilty to both counts of the first indictment.
On July 15, 1998, the Williams County Grand Jury indicted appellant on seven counts of trafficking in marijuana and one count of trafficking in cocaine ("second indictment"). The second indictment further specified that each of the eight offenses was committed within one thousand feet of a school property. The second indictment was returned after appellant sold drugs on eight separate occasions to a confidential informant who was working on behalf of the MAN Unit. On July 20, 1998, appellant entered a not guilty plea to all eight counts of the second indictment.
On August 24, 1998, at a pretrial conference, appellant's counsel made an oral motion in which he asked that the two indictments be severed and the cases be tried before separate juries. In support thereof, appellant's counsel stated that the circumstances surrounding the charges brought in the first indictment, i.e., possession of marijuana and cocaine, would prejudice his defense to the charges in the second indictment, in which he intended to attack the confidential informant's credibility. The trial court denied appellant's oral motion and, on August 25, 1998, the first and second indictments were ordered consolidated for purposes of trial.
On September 28, 1998, appellant's counsel filed a written motion for reconsideration of his motion to sever, in which he reasserted only that "[appellant] would be prejudiced by joinder of the two indictments." On that same day, the trial court summarily denied appellant's motion.
On October 8, 1998, appellee filed a motion in limine, in which it asked the court for permission to "impeach" appellant's testimony at trial with evidence of appellant's twelve year-old conviction for trafficking in marijuana. On October 13, 1998, the day appellant's jury trial was scheduled to begin, appellant informed the court for the first time that he intended to assert the affirmative defense of entrapment to the charges brought in the second indictment. Appellant did not renew his motion to sever the two indictments at that time. In addition, appellant's counsel objected to appellee's use of appellant's prior conviction at trial. However, appellant's counsel further stated:
 "Your Honor, we would oppose that motion unless and except the Court is willing to permit the defense to argue the issue of entrapment in this case. It is our opinion that if entrapment is not an issue, then this conviction which is outside of the ten-year limit does not have the requisite probative value to outweigh the prejudicial effect. So if the issue of entrapment is not before the jury, we would argue that the prior conviction should not be permitted to be introduced, either in impeachment or on other bases. However, if the Court is going to permit the defense to argue about entrapment, it is my belief that that prior conviction does become relevant inasmuch as there has to be a finding by the jury that the predisposition to commit this crime arose out of State conduct. And I think the case law is pretty clear at that point prior convictions of this nature would be admissible."
The trial court granted appellee's motion in limine, conditioned on appellant's assertion of an entrapment defense. Immediately thereafter, appellant's jury trial began.
Bryan Police Officer Jeff Ridgway testified at trial that Tammy Brown signed an agreement to become a confidential informant for the MAN Unit on January 7, 1998. Thereafter, Ridgway and several other members of the MAN Unit took Brown to appellant's home on eight separate occasions to purchase drugs, that Brown did, in fact, purchase marijuana from appellant on seven of the eight occasions, and that on one occasion Brown purchased cocaine from appellant. Officer Ridgway further testified that appellant's residence is located seven hundred nine feet from Lincoln Middle School in Bryan. During his testimony regarding the location of appellant's residence, Ridgway referred to a diagram of the area which he stated showed a circle with a one thousand foot radius drawn around appellant's residence, encompassing Lincoln Middle School.
Tammy Brown testified as to the eight occasions on which she purchased drugs from appellant. Brown stated that appellant "may have thought a relationship was brewing" with Brown during the course of the investigation. She denied ever having a sexual relationship with appellant.
At the close of the state's case, appellant made a motion for acquittal, which was denied. Appellant then made a second motion for acquittal as to the specification that appellant sold drugs to Brown within one thousand feet of a school property. The court denied appellant's motion.
Appellant testified at trial as to his prior felony conviction for selling marijuana, for which he served fifteen months in prison. Appellant further testified that he smokes "pot" on a regular basis; however, he no longer sells drugs because of a promise he made to his children. As to the charges of trafficking in drugs, appellant stated that he "procured" the marijuana and cocaine for Brown because he was lonely and he thought he and Brown had a "relationship." Appellant admitted to receiving money from Brown in exchange for the drugs. As to the charges of possession of drugs, appellant stated that Brown must have planted marijuana and cocaine in his home when she attended a card party the night before the search warrant was executed.
At the close of all the evidence, appellant renewed his motion for acquittal on the grounds that the state had not proved beyond a reasonable doubt that he sold drugs within one thousand feet of a school. The trial court denied appellant's motion.
On October 15, 1998, the jury found appellant guilty of both counts of drug possession, as charged in the first indictment, and all eight counts of drug trafficking, as charged in the second indictment, with the added specification that appellant committed the offenses charged in the second indictment within one thousand feet of a school property. On October 26, 1998, the court sentenced appellant to serve an aggregate term of eleven years in the custody of the Ohio Department of Rehabilitation and Corrections.
On November 23, 1998, appellant filed timely notices of appeal from both judgments. On December 4, 1998, this court consolidated the two cases for purposes of this appeal.
Appellant asserts in his first assignment of error that his defense was prejudiced by the trial court's refusal to sever the two indictments for trial. In support thereof, appellant argues that "his ability to assert his best and only defense to the possession of drugs charge," i.e., that he did not "knowingly" possess the drugs in question, was compromised by his assertion of an entrapment defense to the eight drug trafficking charges.
Pursuant to Crim.R. 8(A), joinder of multiple offenses is permitted when the charged offenses are "based on the same act or transaction, * * * or are part of a course of criminal conduct." See, also, State v. Torres (1981), 66 Ohio St.2d 340. Crim.R. 14, which governs relief from joinder of offenses, provides that the court shall grant a motion to sever if the accused establishes that prejudice to his rights will result from the joinder of offenses. State v. Lott (1990), 51 Ohio St.3d 160, 163. However, joinder is not prejudicial when the jury is believed capable of separating the proof as to each charge because the evidence of each of the crimes is simple and direct, or the evidence of one offense is admissible in the trial of the other as "other acts" evidence. Id.; State v. Franklin (1991), 62 Ohio St.3d 118, 122;State v. Hamblin (1988), 37 Ohio St.3d 153, 158-159.
In order to succeed on a motion to sever, the accused must furnish the trial court "with sufficient information so that it can weigh the considerations favoring joinder against [his] right to a fair trial." Torres, supra, at 343. On appeal, the defendant must affirmatively establish prejudice and an abuse of discretion where the trial court refuses to sever multiple charges. Lott, supra, at 163; Torres, supra, at the syllabus.
As set forth above, appellant raised the issue of severance on two occasions prior to his trial. Both times, appellant asserted that joinder of the two indictments would prejudice his defense because he intended to attack the credibility of the confidential informant. Appellant did not inform the court of his intent to assert an entrapment defense until the day his jury trial was scheduled to begin. In addition, the record shows that the drugs which appellant admitted selling to Brown were not the same drugs which were found in appellant's residence by members of the MAN Unit on May 7, 1998.
Upon consideration of the foregoing, this court finds that appellant's failure to timely inform the trial court of his intent to assert an entrapment defense deprived the court of sufficient information to meaningfully weigh the considerations favoring joinder against appellant's right to a fair trial. In addition, evidence of the crimes in this case was simple and direct, and appellant has not affirmatively demonstrated on appeal how his defense to the charges of drug possession was prejudiced by his entrapment defense to the drug trafficking charges. Accordingly, we cannot find that the trial court abused its discretion by refusing to sever the two indictments for trial, and appellant's first assignment of error is not well-taken.
Appellant asserts in his second assignment of error that he received ineffective assistance of counsel at trial for various reasons.
We note initially that the standard to be applied to claims of ineffective assistance of counsel is well-established:
 "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produce a just result." Strickland v. Washington (1984), 466 U.S. 668.
The Strickland court further held that, in order to demonstrate ineffective assistance of counsel, a defendant must show that his counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that counsel's deficient performance prejudiced his defense. Id. at 687.
In analyzing the first prong of Strickland there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Strickland,supra, at 689. To prevail on an assertion of ineffective assistance of counsel, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness. State v. Lytle (1976),48 Ohio St.2d 391; Hamblin, supra.
Appellant first argues that he received ineffective assistance of counsel because counsel failed to make a "continuing objection" when the trial court ruled that the state could raise the issue of appellant's twelve year-old conviction for trafficking in marijuana at trial. However, the record shows that the trial court allowed appellee to use appellant's prior conviction only after appellant told the court he intended to assert entrapment as a defense to the charges in the second indictment.
Entrapment is established "where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute."State v. Doran (1983), 5 Ohio St.3d 187, at paragraph one of the syllabus. An accused has not been entrapped if the prosecution shows that he is predisposed to commit the offense and the state only is providing the opportunity. Id. at 192. Because entrapment is an affirmative defense, the accused has the burden of proof by a preponderance of the evidence. Id. at 193-194. Two of the factors to be considered in determining whether to admit evidence relevant to the accused's predisposition to commit the alleged crimes are the accused's previous involvement in like criminal activity and his willingness to involve himself in criminal activity. Doran, supra, at 192. Accordingly, in cases where an accused places his absence of predisposition in issue by raising an entrapment defense, "the accused's previous involvement in criminal activity of the nature charged," should be freely admitted. Id.; State v. Cotton
(July 14, 1994), Cuyahoga App. Nos. 64361 and 64378, unreported, citing State Krivitskiy (1990), 70 Ohio App.3d 293.
In this case, appellant testified at trial that he was entrapped because he "procured" drugs for Brown in the mistaken belief that he and Brown had an intimate relationship. In addition, appellant himself first testified that he had been convicted of selling marijuana in 1985, and that he had vowed to his family that he would never sell drugs again.
Upon consideration of the foregoing, this court finds that appellant directly placed his predisposition to sell drugs in issue by raising the defense of entrapment, and then testifying as to his prior conviction at trial. Accordingly, appellant was not prejudiced by his counsel's failure to object when the trial court conditionally granted the state's request to introduce evidence of appellant's prior conviction.
Second, appellant argues that he received ineffective assistance of trial counsel because "[i]t was error for the Trial Court not to provide [a limiting] instruction to the jury and Defense Counsel owed a duty to Appellant to object to the same."
Generally, "`[a]bsent plain error, the failure to object to improprieties in jury instructions * * * is a waiver of the issue of appeal.'" State v. Frazier (1995), 73 Ohio St.3d 323, 339, quoting State v. Underwood (1983), 3 Ohio St.3d 12, 13. The Supreme Court of Ohio has refused to impose a duty on trial courts to give limiting instructions in cases where they were not requested by trial counsel, since the decision not to request a particular instruction "is sometimes a tactical one." State v.Schaim (1992), 65 Ohio St.3d 51, 61-62, fn. 9.
As previously stated, appellant himself raised the issue of his prior conviction in his direct testimony. Appellant's counsel did not request a limiting instruction as to the effect of such testimony. Thereafter, the trial court instructed the jury as to the defense of entrapment. Accordingly, under the circumstances of this case, this court cannot find that the trial court's failure to issue a limiting instruction to the jury rises to the level of plain error, or that counsel's failure to object to the lack of such an instruction deprived appellant of a fair trial.
Finally, appellant asserts that he received ineffective assistance of trial counsel because counsel failed to object to the "insufficient notice given by the State of its intent to use evidence of Appellant's [twelve year-old] conviction" as required by Evid.R. 609(B).
Pursuant to Evid.R. 609(B), the proponent of evidence of an accused's prior conviction more than ten years old must give the adverse party sufficient advance written notice of his intent to use such evidence in order to provide the adverse party with a fair opportunity to contest its use, if the evidence is offered for the purpose of impeaching the accused at trial.
As previously stated, the trial court allowed evidence of appellant's prior conviction only because appellant asserted an entrapment defense. Accordingly, any error which trial counsel may have made by failing to assert that the state did not timely file its request to "impeach" appellant pursuant to Evid.R. 609(B) was rendered harmless.
Upon consideration of the foregoing, this court finds that appellant has not demonstrated that he was prejudiced by his attorney's failure to object to the trial court's decision to allow the use of his twelve year-old conviction at trial, the lack of a limiting instruction to the jury as to use of the prior conviction, or the timing of the state's motion to use the prior conviction to "impeach" appellant at trial. Accordingly, appellant has not shown that he received ineffective assistance of trial counsel, and his second assignment of error is not well-taken.
Appellant asserts in his third assignment of error that the trial court should have made "specific findings of fact and circumstances showing that the probative value of Appellant's [prior] conviction substantially outweighed its prejudicial effect" as required by Evid.R. 609(B).
A trial court has broad discretion to rule on evidentiary matters and will not be reversed on appeal absent a finding that the court abused its discretion to the prejudice of the defendant. State v. Theuring (1988), 46 Ohio App.3d 152. Pursuant to Evid.R. 609(B), evidence of a prior conviction generally is not admissible to impeach an accused at trial if more than ten years have passed "since the date of the conviction * * *, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."
As discussed above, the requirements of Evid.R. 609(B) do not apply in this case. Accordingly, we cannot find that the trial court abused its discretion by failing to make a specific finding that the probative value of appellant's prior conviction outweighed its potential prejudicial effect. Appellant's third assignment of error is not well-taken.
Appellant asserts in his fourth assignment of error that insufficient evidence was presented at trial to establish beyond a reasonable doubt that he sold drugs to Brown in the vicinity of a "school premises." Alternatively, appellant asserts that the jury's finding that drugs were sold within one thousand feet of a school premises was against the manifest weight of the evidence.
The Supreme Court of Ohio has ruled that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
The term "sufficiency" applies to whether the evidence is legally adequate to support a jury verdict as to all elements of the crime charged. Id. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine:
 "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilty beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
"Relevant inquiry" does not include interpretation of evidence or determination of credibility of witnesses by the appellate court.Id. at 273.
However, under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. Thompkins,supra, at 387.
In this case, appellant was convicted of eight counts of trafficking in drugs pursuant to R.C. 2925.03, seven of which are fourth degree felonies, and one of which was a third degree felony. However, the jury further found that appellant sold drugs to Brown within one thousand feet of a school premises with respect to all eight charges. Upon such a finding, all eight of appellant's felonies were elevated by one degree pursuant to R.C.2925.03.
It is well-settled that "the finding of additional facts to enhance a defendant's penalty and an elevation of the degree of felony results in an essential element which must be proved by the prosecution before the enhanced penalty can be imposed." State v.Brown (1993), 85 Ohio App.3d 716, 723, citing State v. Gordon
(1971), 28 Ohio St.2d 45, 47-48. Accordingly, the state had the burden in this case to prove beyond a reasonable doubt that appellant sold drugs to Brown in the vicinity, i.e., within one thousand feet, of a school premises.
Pursuant to R.C. 2925.01(P), an offense is "`committed in the vicinity of a school' if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises." R.C. 2925.01(R) defines a "school premises" as:
 "(1) The parcel of real property on which any school is situated, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted on the premises at the time a criminal offense is committed;
 "(2) Any other parcel of real property that is owned or leased by a board of education of a school or the governing body of a school for which the state board of education prescribes minimum standards * * * and on which some of the instruction, extracurricular activities, or training of the school is conducted, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted on the parcel of real property at the time a criminal offense is committed."
We note initially that Officer Ridgway's testimony was legally sufficient to sustain the jury's finding that Lincoln Middle School is a "school premises" as defined by R.C.2925.01(R). See State v. Manley (1994), 71 Ohio St.3d 342. However, as to the sufficiency of the evidence on the issue of whether drugs were sold in the "vicinity" of a school, the record shows that Officer Ridgway testified as follows:
"Q. And where does John Olvera live?
"[Ridgway]: 316A East Bryan Street, City of Bryan.
"* * *
 "Q. And do you happen to know how far it is from 316 East Bryan Street to the Lincoln Middle School?
 "[Ridgway]: From the front door to the Lincoln School is approximately 709 feet.
 "Q. You Honor, if I may I would like to display an exhibit. This exhibit depicts generally where the 316 East Bryan Street is in relation to the Middle School. Can you see that?
"[Ridgway]: Yes.
 "Q.: And can you identify where 316 East Bryan Street is?
 "[Ridgway]: The center of the circle is where, if you go to the center of the circle —
"Q.: About here?
"[Ridgway]: Right.
 "Q.: Okay. And where is the Lincoln Middle School from there?
 "[Ridgway]: Go to the south approximately a block and a half. There is the Lincoln School right there.
"Q.: Okay. And do you know how far that distance is?
"[Ridgway]: Yes, 709 feet from the front door.
 "Q.: And do you know what this circle represents on this map?
 "[Ridgway]: That circle is a thousand foot radius. It's got a two thousand foot diameter. It started from John Olvera's residence and it goes out a thousand feet.
 "Q.: And each one of these transactions in the eight counts alleging drugs sales took place at 316 East Bryan Street?
"[Ridgway]: Yes, it did."
The record does not contain any testimony other than the above as to the distance between appellant's residence and Lincoln Middle School. In addition, testimony by Officer Ridgway as to how he ascertained the distance in question is conspicuously absent from the record, as is any testimony that the above-referenced diagram was drawn to scale. We further note that the diagram on which Officer Ridgway relied heavily in his testimony was not made part of the trial court's record.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law finds, after viewing the evidence presented in a light most favorable to the prosecution, that Officer Ridgway's testimony, standing alone, is not legally sufficient to support the jury's finding that appellant sold drugs to Brown within the "vicinity,"i.e., within one thousand feet, of Lincoln Middle School. Appellant's fourth assignment of error is well-taken.
The judgment of the Williams County Court of Common Pleas is hereby affirmed in part and reversed in part. The case is remanded to the trial court for resentencing of appellant in accordance with this opinion. Court costs of these proceedings are assessed equally to appellant and appellee, the state of Ohio.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., MarkL. Pietrykowski, J., concur.