JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Gregory Pettway ("Pettway"), appeals his assault conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In April 2003, Pettway was charged with abduction, kidnapping, intimidation, and felonious assault. Following a bench trial, the court found him guilty of a lesser included offense of assault. The court suspended the sentence of six months in jail and imposed one year community control. After considering the circumstances surrounding Pettway's obtaining the victim's journals, the court ordered him to spend one weekend in jail.
 {¶ 3} In February 2003, Pettway assaulted Renae McWhorter ("the victim") in her home. They had previously dated for approximately six years and maintained a good relationship until 2000, when Pettway told her that he had children from prior relationships. The victim was upset that Pettway had a family and that he kept this information from her. Pettway testified that she became very depressed and would not leave her apartment for days. The victim testified that her depression began in 2000, and she had been taking anti-depressant medication and consulting a psychiatrist.
 {¶ 4} Pettway attempted to introduce her personal journals to impeach her testimony and produce evidence showing her state of mind at the time of the assault. The court denied the admission of the journals because Pettway failed to disclose them to the State prior to trial.
 {¶ 5} In his sole assignment of error, Pettway argues that he was denied his constitutional right to defend himself when the trial court improperly limited his cross-examination of the victim. Specifically, he claims that the trial court erred in excluding the journals because they had not been disclosed prior to trial.
 {¶ 6} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d
 {¶ 7} In order to find an abuse of that discretion, we must determine whether the trial court's decision to admit or to exclude the evidence was arbitrary, unreasonable, or unconscionable and not merely an error of judgment. State v.Xie (1992), 62 Ohio St.3d 521, 527.
 {¶ 8} Pettway argues that the victim's journals were not subject to pretrial discovery under Crim.R. 16(C)(1)(a). Instead, he claims that the journals were witness statements covered by Crim.R. 16(C)(1)(d). We disagree.
 {¶ 9} Crim.R. 16(C)(1)(a) provides that documents and tangible objects that are available to or are in the possession, custody, or control of the defendant and which the defendant intends to introduce into evidence at the trial are subject to disclosure.
 {¶ 10} Crim.R. 16(C)(1)(d) provides for the in camera inspection of witness statements obtained by the defense upon motion by the prosecution, to determine the existence of inconsistencies between the witness' testimony and the prior statement.
 {¶ 11} The criminal rules do not require a party to provide a witness' prior statement as part of pretrial discovery, but the witness statements are discoverable during trial pursuant to an in camera inspection under Crim.R. 16(C)(1)(d). However, the journals which Pettway sought to introduce were not prior "statements" made by a witness.
 {¶ 12} Although the term "statement" is not defined under Crim.R. 16, the Tenth District Court of Appeals defined it as follows:
 {¶ 13} "(a) a written statement actually signed, or otherwise adopted or approved by a witness or party; (b) a mechanical recording of the witness's words or transcription thereof; or (c) a substantially verbatim recital of such statement in a continuous narrative form." State v. Moore (1991),74 Ohio App.3d 334, 340, 598 N.E.2d 1224.
 {¶ 14} Case law provides that "statements" under Crim.R. 16(C)(1)(d) are those that are taken or obtained from a witness by police or another investigating officer during the course of an investigation. State v. Lenhart (July 22, 1999), Cuyahoga App. No. 74332 (written statement by witness taken by detective);State v. Robertson (Aug. 6, 1997), Knox App. No. 97-CA-04 (child's prior statement to Children Services investigator);State v. Chiucchiarelli (Mar. 30, 1988), Summit App. No. 13299 (undercover agent's daily journal of her activities during the course of her investigation). The victim's journals did not comprise "witness statements" under Crim.R. 16(C).
 {¶ 15} The victim's journals were tangible objects, discoverable under Crim.R. 16(C)(1)(a), and Pettway had a duty to disclose them to the State prior to trial. Because Pettway failed to disclose the journals, the trial court did not err in excluding them.
 {¶ 16} Pettway claims that even if the court was correct in ruling that the journals were subject to pretrial discovery, exclusion of the journals was not the least restrictive sanction the trial court could have imposed.
 {¶ 17} For the failure to comply with the discovery rules, the court may order a party to permit discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or any other order that it deems necessary under the circumstances. Crim.R. 16(E)(3). Each party is under a continuing duty to disclose the existence of additional material which would have been subject to the initial discovery request. Crim.R. 16(D).
 {¶ 18} To support his argument, Pettway cites State v.Brown (1993), 85 Ohio App.3d 716, 621 N.E.2d 447, which held that the trial court properly permitted the State to introduce the testimony of a witness whose identity was disclosed the day before trial, because defense counsel did not request a continuance either before or during the trial to properly prepare for the witness' testimony.
 {¶ 19} Pettway argues that based upon the holding in Brown,
the State was under a duty to request a continuance of the trial to review the journals or to request any lesser sanction. Because the State did not request the lesser sanction, Pettway claims the court erred in imposing the most severe sanction. Pettway's reading of Brown is misguided.
 {¶ 20} The State did not bear the burden of requesting the lesser sanction; the burden rested with Pettway. Exclusion of the journals would be the most favorable ruling to the State; thus, it would be illogical for the State to request a lesser sanction. Instead, Pettway would benefit from the continuance, thus placing the burden upon him to request it. Because he did not request a lesser sanction at trial, we find that he has waived this argument on appeal. Even considering this argument, the trial court has broad discretion in imposing a sanction consistent with the circumstances of the case. We find no abuse of discretion in the instant case.
 {¶ 21} Accordingly, Pettway's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and McMonagle, J. Concur.