DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Victor Davis, appeals his judgment of conviction from the Wood County Court of Common Pleas for receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree; and possessing criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} Around 3:40 a.m. on August 26, 2006, Officer Guy Pinson of the Wood County Police Department responded to a call that two black males, one wearing jean shorts and the other jeans, were shining flashlights into vehicles in the back lot of the Holiday Inn Express in Perrysburg, Ohio. After Pinson arrived at the Holiday Inn Express, he observed two black males in a vehicle. One got out of the vehicle, went into the main entrance of the hotel, and then got back into the vehicle, driving away from the hotel. The driver of the vehicle was wearing jean shorts.
 {¶ 3} Pinson followed the two males as they left the Holiday Inn Express and initiated a stop of their vehicle at a Sunoco gas station. After Pinson informed the men of the earlier report, Tyree Herron, the vehicle's driver, told Pinson that they stopped at the Holiday Inn Express to inquire about a room, but decided against staying there. Pinson asked for identification from Herron and his passenger, appellant. Neither Herron nor appellant had valid driver's licenses. Upon investigation, Pinson found both Herron and appellant had active warrants for their arrest. Based on the warrants, appellant and Herron were taken into custody. A tow was ordered for the vehicle.
 {¶ 4} Officers conducted an inventory of Herron's vehicle and listed all items found inside. Officers found a screwdriver by the passenger's seat, where appellant had been sitting, and a screwdriver behind the driver's seat, where Herron had been sitting. In the trunk of the vehicle, the officers found two flashlights, a screwdriver, a computer bag with "Brian Lafreniere" written on it, a laptop computer, PlayStation games, cleats, and a gym bag containing clothes. Around 4:30 a.m., officers contacted Lafreniere, who *Page 3 
was staying at the AmeriHost Hotel in Northwood, Ohio. After receiving the call, Lafreniere checked his vehicle for signs of a break in and found the rear passenger window of his vehicle had been broken. He confirmed that the items found in Herron's trunk belonged to him.
 {¶ 5} After appellant's arrest, a deputy at the station patted down appellant, reached inside appellant's right rear pocket, and pulled out a shard of glass. At trial, Lafreniere testified that the shard of glass found in appellant's pocket appeared identical to shards of glass in his vehicle that he vacuumed up after the break in.
 {¶ 6} On September 20, 2006, appellant was indicted for receiving stolen property and possessing criminal tools. Following trial, a jury returned a verdict of guilty as to both counts. Appellant was sentenced to 17 months incarceration for receiving stolen property and 11 months incarceration for possessing criminal tools; the terms were ordered to run concurrently.
 {¶ 7} Appellant timely appealed and now assigns three errors for review:
 {¶ 8} "Assignment of Error Number One: The trial court abused its discretion in violation of appellant's right to due process under the Ohio and United States Constitutions during preliminary instructions to the jury on an unindicted offense.
 {¶ 9} "Assignment of Error Number Two: Appellant received ineffective assistance of counsel in violation of his rights under the Sixth andFourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio. *Page 4 
 {¶ 10} "Assignment of Error Number Three: Appellant's convction was against the manifest weight of the evidence presented by the state and contrary to law."
 I. {¶ 11} Appellant argues in his first assignment of error that because he was not indicted for theft, the trial court's statements regarding theft in the preliminary instructions resulted in prejudice. Regarding preliminary instructions, Crim. R. 30(A) provides that, "[o]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury." Trial counsel failed to object; therefore, appellant has waived all but plain error. State v.McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 211, citing State v.Underwood (1983), 3 Ohio St.3d 12, syllabus. Appellant takes issue with the following piece of the preliminary instructions:
 {¶ 12} "If you find the defendant guilty of possessing criminal tools, you will decide separately whether the State has proven beyond a reasonable doubt that the defendant intended to use the substance, device, instrument, or article to commit the felony offense of felony theft. Felony theft occurs when a person, with purpose to deprive the owner of property, knowingly obtains or exerts control over that property greater than $500 in value without the consent of the owner or person authorized to give consent, or beyond the scope of the express or implied consent of the owner or person authorized to give consent, or by deception or by threat or by intimidation." *Page 5 
 {¶ 13} Appellant relies on State v. Wozniak (1961), 172 Ohio St. 517,521, for the proposition that the constitutional rights of a defendant are violated when the accused is convicted of unindicted offenses. The state, in response, mistakenly characterizes appellant's argument as a complaint that he was prejudiced by a failure to be charged with theft. The state also argues that preliminary instructions on the elements of felony theft were proper because theft is an essential element of receiving stolen property.
 {¶ 14} R.C. 2913.51, forbidding the receipt of stolen property, provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2923.24, forbidding the possession of criminal tools, provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." The indictment also contained a specification charging that appellant possessed criminal tools that were "intended for use in the commission of a felony," raising the offense from a first-degree misdemeanor to a felony of the fifth degree, pursuant to R.C. 2923.24(C).
 {¶ 15} Since appellant was charged with a felony specification for the possession of criminal tools, the specification became an additional element of the offense which had to be separately proven and found beyond a reasonable doubt. State v. Brown (1993), 85 Ohio App.3d 716,723. Thus, the trial court properly instructed the jury that it must separately find that appellant purposefully had the tool in his possession with the intent to use it for felony theft. Appellant's first assignment of error is not well-taken. *Page 6 
 II. {¶ 16} Appellant's second assignment of error alleges his trial counsel rendered ineffective assistance when counsel (1) failed to file a motion for severance; (2) did not object to hearsay statements, and (3) failed to have a shard of glass analyzed.
 {¶ 17} In order to establish ineffective assistance of counsel, an appellant must satisfy a two-part test. State v. Bradley (1989),42 Ohio St.3d 136, 141. Appellant must show that "counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v.Sanders (2002), 94 Ohio St.3d 150, 151, citing Strickland v.Washington (1984), 466 U.S. 668, 687-688. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."State v. Bradley (1989), 42 Ohio St.3d at 142, quoting Strickland v.Washington (1984), 466 U.S. at 694.
 {¶ 18} "Judicial scrutiny of counsel's performance is to be highly deferential and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." State v. Sallie (1998),81 Ohio St.3d 673, 674. To establish ineffective assistance of counsel, "the appellant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. "Assistance of counsel is not to be determined effective upon acquittal and ineffective upon conviction." State v. Hunt (1984),20 Ohio App.3d 310, 311. *Page 7 
 {¶ 19} First, appellant argues that his counsel should have moved for severance under Crim. R. 14, because Lafreniere's missing items were found in the vehicle driven by Herron, the co-defendant, and appellant was merely a passenger. In State v. Scott (Dec. 31, 1997), 6th Dist. No. S-96-035, the appellant argued that he was denied effective assistance of counsel when trial counsel failed to request severance under Crim. R. 14. This court found that counsel's choice not to file a motion to sever was a "tactical choice that was reasonably within the attorney's discretion in the presentation of appellant's defense"; the tactical choice did not deprive the appellant of effective assistance of counsel. Id.
 {¶ 20} The record does not show any prejudice resulting from trial counsel's failure to move for severance. While severance may have been proper, appellant has not shown that but for counsel's decision not to move for severance the outcome of the trial would have been different. Trial counsel's decision not to file a motion for severance was a tactical choice and did not amount to ineffective assistance of counsel.
 {¶ 21} Second, appellant contends that his trial counsel's failure to object to inadmissible hearsay evidence constituted ineffective assistance of counsel. Appellant points to Pinson's testimony concerning the following statements as hearsay:
 {¶ 22} "Q: Now in the early morning hours of August 26th, did you receive notification of suspicious activity?
 {¶ 23} "A: Yes, we did.
 {¶ 24} "Q: What information did you receive? *Page 8 
 {¶ 25} "A: Received information that the Perrysburg City Police Department, an officer had been contacted by a person from a nearby business; that this person advised the city police officer that two black males were in the rear lot of the Holiday Inn Express looking into vehicles with flashlights, and he gave descriptions of those. Said it was two black males, one had blue jeans — long blue jeans, and the other had blue jeans shorts on, and the other — he said the one was tall and thin."
 {¶ 26} Appellant argues that trial counsel's failure to raise a hearsay objection to Pinson's testimony rises to the level of plain error under Crim. R. 52(B). Plain error occurs when "but for the error, the outcome of the trial clearly would have been otherwise." State v.Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. Plain error should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Barnes (2002), 94 Ohio St.3d 21, 27, 2002-Ohio-68, quotingLong, 53 Ohio St.2d 91, paragraph three of the syllabus. In State v.Davis, the court concluded that an officer's testimony that the appellant became a suspect as a result of "information from an out-of-state law enforcement agency" did not constitute plain error because the testimony was "offered" to explain the officer's reasons for investigating the matter. State v. Davis (2008), 116 Ohio St.3d 404,421, 2008-Ohio-2, ¶ 117 Furthermore, the court found the officer's testimony was not hearsay because "it was not offered to prove the truth of the matter asserted." Id.
 {¶ 27} "The failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel." State v. Conway (2006),109 Ohio St.3d 412, 430, *Page 9 2006-Ohio-2815, ¶ 103. In Conway, the court found that the failure to object to hearsay statements did not constitute ineffective assistance of counsel because the witness's testimony at trial was not hearsay and the appellant failed to show that the outcome of his trial would have been different had counsel objected to the statements or moved to strike them. Id. at ¶ 104-108. See, also, State v. Beckham (Sept. 18, 1987), 6th Dist. No. S-86-58 (failure of trial counsel to raise a hearsay objection did not constitute ineffective assistance of counsel when officer testified he received information regarding witnesses' involvement in theft because statement was not hearsay); State v.Yarger (May 1, 1998), 6th Dist. No. H-97-014 (failure of trial counsel to object to hearsay statements by witnesses that hospital personnel had told them baby's injuries resulted from shaken baby syndrome did not amount to ineffective assistance of counsel or prejudice).
 {¶ 28} In State v. Messer, 10th Dist. No. 01AP-396, 2001-Ohio-4048, appellant argued trial counsel's failure to raise hearsay objections to witnesses' testimony amounted to ineffective assistance of counsel and plain error occurred when trial court permitted hearsay testimony. The court held that even though the witnesses' testimony "constitute[d] inadmissible hearsay," the statements did not give rise to ineffective assistance of counsel or plain error because the outcome of the trial would not "have been different absent the hearsay testimony." Id. "The jury had sufficient, credible evidence to support its decision such that the inadmissible evidence did not taint or undermine the jury's determinations." Id. *Page 10 
 {¶ 29} Here, trial counsel's failure to raise a hearsay objection to Pinson's testimony that he received a report regarding two black males in the Holiday Inn parking lot does not rise to the level of plain error. Appellant has failed to show but for the trial court's error, the outcome of the trial would have been otherwise.
 {¶ 30} Third, appellant argues that ineffective assistance of counsel resulted from his counsel's failure to move the court for expert testing on the shard of glass found in appellant's right rear pocket. "Debatable trial tactics do not establish ineffective assistance of counsel."State v. Hoffner (2004), 102 Ohio St.3d 358, 365, 2004-Ohio-3430, ¶ 45. Trial counsel's failure to request an expert is a "debatable trial tactic," and does not amount to ineffective assistance of counsel. Appellant's trial counsel may have reasonably believed cross-examining the state's witnesses was a stronger strategic move to challenge the origin of the glass shard than pursuing a risky test. See State v.Thompson (1987), 33 Ohio St.3d 1, 9 (trial counsel's failure to obtain a forensic pathologist to "rebut" issue of rape was not ineffective assistance of counsel); State v. Foust, 105 Ohio St.3d 137, 153-154,2004-Ohio-7006, ¶ 97-99 (trial counsel's failure to request funds for a DNA expert, an alcohol and substance-abuse expert, a fingerprint expert, and an arson expert did not amount to ineffective assistance of counsel because appellant's need for experts was "highly speculative" and counsel's choice "to rely on cross-examination" of prosecution's expert was a "legitimate tactical decision"); State v. Yarger (May 1, 1998), 6th Dist. No. H-97-014 (trial counsel's failure to hire an expert medical doctor to rebut state's expert witness was not ineffective assistance of trial *Page 11 
counsel); State v. Rutter, 4th Dist. No. 02CA17, 2003-Ohio-373, ¶ 19, 28 (trial counsel's failure to hire an accident reconstructionist did not amount to ineffective assistance of counsel).
 {¶ 31} Because appellant suffered no prejudice from any of his three claimed instances of ineffective assistance, the second assignment of error is not well-taken.
 III. {¶ 32} Appellant argues in his third assignment of error that the court erred in overruling appellant's motion for acquittal and that the verdict of the jury was against the manifest weight of the evidence, specifically arguing that the state did not present any evidence identifying appellant as being involved in the theft of the victim's property.
 {¶ 33} Appellant asserts that the trial court erred in denying his Crim. R. 29(A) motion for acquittal. A motion for acquittal is properly denied if "reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, 263, quoting State v. Swiger (1966), 5 Ohio St.2d 151, paragraph two of the syllabus. The judgment of a trial court should not be reversed "unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements beyond a reasonable doubt." State v.Simon, 6thDist. No. H-04-026, 2005-Ohio-3208, ¶ 9.
 {¶ 34} Appellant also contends that the verdict was against the manifest weight of the evidence. "Applying the `sufficiency of the evidence' standard, a reviewing court determines whether the evidence submitted is legally sufficient to support all elements of *Page 12 
the offense charged." State v. McNerney, 6th Dist. No. OT-07-028,2008-Ohio-2101, ¶ 25, citing State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. An appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences [and] considers the credibility of the witnesses." State v. Group, 98 Ohio St.3d 248, 259,2002-Ohio-7247, ¶ 76. The reviewing court questions "[w]hether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting Thompkins,78 Ohio St.3d at 387. In effect, "the appellate court sits as the `thirteenth juror' and disagrees with the factfinder's resolution of conflicting testimony." Thompkins, 78 Ohio St.3d at 387.
 {¶ 35} In State v. McDermott, 6th Dist. No. L-03-1110, 2005-Ohio-2095, ¶ 35, we found that appellant's conviction for possessing criminal tools was not against the manifest weight of the evidence despite the lack of scientific evidence linking appellant to the criminal tool (a re-rock machine used to shape cocaine) found in his home. In State v.Cunningham, 11th Dist. No. 2007-L-034, 2008-Ohio-1127, the appellant, a passenger in a vehicle, was involved in a high speed chase following a burglary. The subsequent convictions for receiving stolen property and possessing criminal tools were not against the manifest weight of the evidence; even though appellant was a passenger in the vehicle, he was also an active participant in the crimes committed. Id. at ¶ 48. Appellant's conviction was supported by evidence that traces of glass from appellant's gloves matched shards of glass from the burglarized store's broken window. Id., ¶ 11. *Page 13 
 {¶ 36} After reviewing the entire record, we find the manifest weight of the evidence to support appellant's convictions. After Pinson saw both appellant and Herron in the parking lot of the Holiday Inn, he observed that Herron's clothing matched the description Pinson received earlier. Officers found a screwdriver beside the passenger's seat where appellant was sitting and a screwdriver near the driver's seat where Herron was sitting. In the trunk of the vehicle, officers discovered a third screwdriver, two flashlights, a laptop bag inscribed with the name "Brian Lafreniere," a laptop computer, PlayStation games, and cleats. The items in the trunk of the vehicle (excluding the flashlights and screwdriver) were identified as belonging to Lafreniere. A shard of glass found in appellant's right rear pocket was identified at trial as being similar to the shards of glass from the broken window of Lafreniere's vehicle. In this case, the jury did not lose its way; this is not an exceptional case where evidence weighs against a conviction. Appellant's third assignment of error is not well-taken.
 {¶ 37} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1