JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Calvin Kennedy appeals from his conviction for misdemeanor possession of criminal tools. We affirm.
 {¶ 2} At approximately 10 p.m. on January 31, 2007, CMHA police officers responded to an apartment at 25 Severance Circle, in Cleveland Heights to follow-up on a complaint of drug activity. The officers observed a male outside the apartment smoking a cigarette. The male told the officers he was waiting for Jones, the leaseholder of the apartment.
 {¶ 3} Mr. Jones then opened the door and gave the officers permission to enter the apartment. He told one of the officers that he was a drug addict, directed the officer to his crack pipe in the living room, and then gave the officer some rocks of crack cocaine from his pocket.
 {¶ 4} Another officer questioned Kennedy, who was standing in the kitchen. While questioning Kennedy, the officer observed a small pocket knife sticking out of Kennedy's pocket. The officer took the knife and, upon examining it, observed a white substance on the blade. The officer asked Kennedy about the substance on the blade, and Kennedy advised that he had "cut something white up" a few days earlier. The officer asked Kennedy what was on the knife, and Kennedy advised that it was "crack cocaine." At trial, the parties stipulated that the substance on the blade was crack cocaine.
 {¶ 5} Kennedy was subsequently charged with drug possession in an amount less than five grams and felony possession of criminal tools, i.e., the knife. The jury acquitted *Page 3 
him of both drug possession and felony possession of criminal tools, but found him guilty of misdemeanor possession of criminal tools. The trial court sentenced him to 180 days in jail.
I. Sufficiency of the Evidence {¶ 6} Kennedy first argues that his conviction for misdemeanor possession of criminal tools is not supported by sufficient evidence. An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} R.C. 2923.24(A) prohibits a person from possessing or having under the person's control "any substance, device, instrument, or article, with purpose to use it criminally." Under R.C. 2923.24(C), possessing criminal tools is a first degree misdemeanor, but if the circumstances indicate that the instrument was intended for use in the commission of a felony, the offense is a fifth degree felony.
 {¶ 8} Kennedy argues that the only evidence presented by the State regarding his criminal use of the knife involved him cutting up crack cocaine, a felony offense. But, he contends, the jury rejected the State's argument that he cut up crack cocaine by acquitting him of felony possession of criminal tools. Therefore, he argues, because the State did not present any evidence of his intent to use the knife for any other non-felony criminal purpose, *Page 4 
his conviction for misdemeanor possession of criminal tools is not supported by sufficient evidence. We disagree. By acquitting Kennedy of drug possession, the jury did not find that he did not use the knife to cut crack cocaine; it found that he did not possess the cocaine he cut.[1] Therefore, Kennedy's admission that he used the knife to cut up crack cocaine is sufficient to establish that he intended to use the knife criminally.
II. Jury Instructions {¶ 9} The trial court instructed the jury that if it found Kennedy guilty of possession of criminal tools, a misdemeanor offense, it would then separately decide whether he possessed the knife for use in felony drug possession, which would elevate the offense to a fifth degree felony. Kennedy argues that the trial court erred in instructing the jury on misdemeanor possession of criminal tools, because the only evidence presented by the State was that he used the knife in the commission of felony drug possession. He further contends that because the indictment charged felony possession of criminal tools, the trial court's instruction on misdemeanor possession of criminal tools violated his right to be tried on only the charges presented to the grand jury.
 {¶ 10} Defense counsel did not object to the instruction; therefore, Kennedy has waived all but plain error. State v. McKnight,107 Ohio St.3d 101, 2005-Ohio-6046, at ¶ 211. *Page 5 
Plain error occurs when, but for the error, the outcome of the trial clearly would have been otherwise. State v. Long (1978),53 Ohio St.2d 91. We are to invoke the plain error doctrine only in exceptional circumstances to prevent a manifest miscarriage of justice. Id. at 94-95. We find no plain error here.
 {¶ 11} The indictment for possession of criminal tools contained a specification charging that Kennedy possessed the knife "for use in the commission of a felony," raising the offense from a first degree misdemeanor to a felony of the fifth degree, pursuant to R.C. 2923.24(C). The felony specification thus became an additional element of the offense which had to be separately proven and found beyond a reasonable doubt. State v. Brown (1993), 85 Ohio App.3d 716, 723.
 {¶ 12} Because the indictment contained the felony specification, the trial court's instruction was proper: the jury was only to consider whether the circumstances indicated that Kennedy used the knife in the commission of felony drug possession if it first found that he possessed the knife with the intent to use it criminally. Kennedy admitted that he used the knife to cut crack cocaine; on this evidence the jury properly found him guilty of misdemeanor possession of criminal tools. It then properly went on to consider the felony specification, i.e., whether he had the knife in his possession with the intent to use it for felony drug possession, and concluded that he did not. See State v. Davis, Wood App. No. WD-07-031, 2008-Ohio-3574, at ¶ 14-15.
 {¶ 13} Kennedy also argues that the trial court committed plain error and violated his constitutional rights to due process and to be tried only on charges presented to the grand jury *Page 6 
by not defining the word "criminally" in its instruction regarding possession of criminal tools. Specifically, Kennedy contends that by failing to define "criminally," the trial court's instruction permitted the jury to convict him based on any activity the jury considered criminal, not just that supported by the evidence. This argument fails. Kennedy admitted that he used the knife to cut crack cocaine, which is clearly, without definition and applying ordinary English usage to the term, a criminal offense. See State v. Davis (Dec. 22, 2005), Franklin App. No. 05AP-193.
III. Ineffective Assistance of Counsel {¶ 14} Kennedy next argues that his counsel was ineffective for failing to object to erroneous jury instructions. Specifically, Kennedy contends that his trial counsel should have objected to the trial court's failure to define "criminally" and to the trial court's instruction regarding misdemeanor possession of criminal tools, because such an instruction was not supported by the evidence in the case. Because, as discussed above, we find no error in the trial court's instructions, we find no ineffective assistance of counsel in counsel's failure to object to the instructions.
IV. Sentencing Issues {¶ 15} Lastly, Kennedy argues that the trial court erroneously engaged in judicial factfinding, in violation of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, in sentencing him to the maximum 180 days in jail. Any alleged sentencing error is moot, however, as Kennedy has served his time and been released.
 {¶ 16} Appellant's assignments of error are overruled. *Page 7 
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR
[1] This seeming inconsistency is immaterial to our review of Kennedy's conviction for possession of criminal tools. Separate counts in an indictment are not interdependent, and an inconsistent verdict arises only from inconsistent responses to the same count, and not from responses to different counts. State v. Tisdale (Nov. 10, 1988), Cuyahoga App. Nos. 54605 and 54685, citing State v. Brown (1984),12 Ohio St.3d 147, syllabus. *Page 1